## REYNOLDS et al. *v.* HORN et al.

Where a judgment has been obtained here against a debtor, who subsequently died, in another State, leaving residuary legatees, who received their share of his succession, the administration of which in this State had been closed, but who are absentees, plaintiffs cannot proceed against them by appointing a curator *ad hoc* to represent them, and by a rule on them to show cause why execution should not issue against them on the judgment against their testator. The recourse which plaintiffs undertake to exercise being personal and involving matters *en pais*, they must proceed by an action in the ordinary form.

PPEAL from the District Court of West Feliciana, *Stirling*, J. *Phillips*, for the appellants. *J. H. Collins*, *Ratliff* and *Cowgill*, for the defendants. The judgment of the court (*Rost*, J. absent,) was pronounced by

EUSTIS, C. J. In 1840, a final judgment was rendered against *Moses Horn* and others, stockholders of the late Feliciana Steamboat Company. On an appeal from this judgment, taken by two of the defendants, *Laurent Millaudon* and *James Dick*, it was reversed as to them. In 1842, *Moses Horn* died, in Tennessee, where he then resided, and by his will constituted *B. W. Cotton, Mary C. Cotton* and *Emily Dickson*, his residuary legatees. The plaintiffs took a rule against these parties to show cause why execution should not issue against each, for one-third the amount of said judgment thus obtained against the testator.

REYNOLDS
v.
HORN.

Being all absent, a curator *ad hoc* was appointed by the court to represent them. The legatees had received from the executor of *Horn's* estate their share of the effects of the succession, which was settled under a decree of the parish court of West Feliciana, in June, 1844. An attachment was attempted to be levied on a note belonging to them in the hands of their attorney, but the sheriff did not obtain possession of the note, nor was there any process of garnishment against the party who held it. The district judge discharged the rule, considering that the defendants were not properly in court by the curator *ad hoc* appointed to represent them, nor by the attachment, which he did not consider as reaching the property attempted to be attached. From this order discharging the rule the plaintiffs have appealed.

The mode of proceeding of the plaintiffs cannot be sustained. Their remedy against the defendants as representing *Moses Horn* and responsible for his debts, is by an action in the ordinary form. There is no warrant for the summary mode of calling upon the parties, who have never resided within the State, to show cause why execution should not issue against them on a judgment obtained against their testator. The administration of the succession in this State being closed, and the recourse against the defendants which the plaintiffs undertake to exercise being personal and involving matters *en pais*, the plaintiffs have their right of action, but we are not aware of any law which would authorize the mode of proceeding they have adopted. Such being our views, we think the district judge did not err in discharging the rule.                    *Judgment affirmed.*