### R. W. RAYNE v. D. TAYLOR & Co.

The property of a non-resident debtor is not exempt from seizure, on attachment, from the circumstance, that he has a commercial domicil in New Orleans.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *Race & Foster*, and *Wolfe & Singleton*, for plaintiff and appellant. *Durant & Horner*, for defendant.

LEA, J. This suit was commenced by attachment of the property of *David Taylor*, a resident of the State of Massachusetts, who for several years past has been doing commercial business in this city, under the name and style of *David Taylor & Co.*

On a rule taken upon the plaintiff, to show cause why the writ of attachment should not be set aside, the defendant urged the following grounds: 1st. "That the defendant has for many years past and still has a commercial domicil in New Orleans, at which either he or a regularly authorized agent and attorney in fact could be found, with full power to appear and answer herein, all which is well known to plaintiff, who was formally the motioner's partner, and is still a clerk in his establishment. 2d. Because the security on the attachment bond has not the legal requisites laid down in the Louisiana Code. Art 3011."

This last ground having been abandoned in the argument of counsel, our enquiry is confined to the solution of the question, whether the fact, that a non-resident debtor has a commercial domicil in this State, exempts his property from seizure on attachment. The law has made no distinction between the different classes of non-resident creditors, and we are 'unable to perceive upon what principle of reason or policy the defendant in this case can claim an exemption from the ordinary operation of our attachment laws.

There is nothing in the relations of the parties which precludes the plaintiff from asserting the rights given to ordinary attaching creditors. He was an ordinary employee of the defendant, and there is nothing in the evidence which shows that in causing the property of the defendant to be attached to secure a debt, which for the purposes of the rule, must be assumed to be due, he violated any obligation incident to a fiduciary relation. The principles recognized

in the case of *Monroe* v. *Frosh et als.*, 2 Ann., so far as they are applicable to the case at bar, sustains the plaintiff's position. In that case the property attached belonged to a mercantile firm, of which one of the partners was *a resident of this State*, and the attachment was set aside on the ground that property belonging in part to a *resident* partner, could not be seized in attachment, for a partnership debt. In the case at bar the property attached, belongs exclusively to a non-resident debtor.

It is ordered that the judgment appealed from be reversed; that the rule taken to set aside the attachment be dismissed, the defendant, *Taylor*, paying the costs incident thereto, and it is further ordered, that the costs of the appeal be paid by the appellee.