No. 10,339.

JAMES P. GUINAULT VS. LOUISVILLE AND NASHVILLE RAILROAD COMPANY.

Where a suit is brought against a corporation in the courts of this State, and an affidavit for removal alleges that the corporation is a citizen of another State, it is insufficient in not stating that the corporation is not domiciled in the State of Louisiana.

A natural person can have but one domicil. A corporation may be created by the laws of several States and become a distinct corporation in each, domiciled therein, and may be sued in such States as a distinct corporation in the State courts.

APPEAL from the Civil District Court for the Parish of Orleans. *Voorhies*, J.

*W. E. Murphy* for Plaintiff and Appellant.

*Bayne, Denégre & Bayne* for Defendant and Appellee.

The opinion of the Court was delivered by

MCENERY, J. The plaintiff, to abate an alleged nuisance created by the defendant company, brought suit against it in the Civil District Court for the Parish of Orleans.

The injunction issued as prayed for in the petition. The defendant company filed a motion on the plaintiff to show cause why the injunction should not be dissolved after giving bond with security.

The application was denied and rejected, and after the discharge of the rule, the defendant company filed a petition for the removal of the case to the United States Circuit Court for the Eastern District of Louisiana, alleging that the defendant corporation is a citizen of Kentucky, and the plaintiff a citizen of Louisiana.

There is no evidence as to citizenship or domicil of defendant in the record contradicting the same allegation on the subject in the petition.

The affidavit for removal charges that the defendant corporation is a citizen of Kentucky. It is insufficient. It should have alleged and shown that the corporation was not domiciled in the State of Louisiana, as the petition of plaintiff alleges that the defendant company was incorporated under the laws of this State.

An affidavit that a natural person is a citizen of one State, excludes the idea that he is a citizen of another State.

A natural person can have but one domicil. On the other hand an an artificial person or corporation may be created by the laws of several

States, and become a distinct corporation in each, and domiciled therein, and may be sued as such distinct corporation in the State in which it has been incorporated and in which it has a domicil. Desty, Removal of Causes, p. 66.

It is, therefore, ordered that the judgment appealed from be reversed and the application to remove the cause be denied, reserving to the defendant corporation the right to show that it is not domiciled in the State of Louisiana and subject to the jurisdiction of the State courts, the defendant to pay costs of appeal.

### ON APPLICATION FOR REHEARING.

BERMUDEZ, C. J.    While the *affidavit*, in support of the removal, states that the defendant company is a citizen of the State of Kentucky, it does not set forth any averment to contradict the allegation in the petition, duly sworn to by the plaintiff, that the company was incorporated by the Legislature of this State.

The two sworn statements do not conflict and may well stand together and co-exist, for, the corporation may be a citizen of both, Kentucky and Louisiana, for the purpose of suit.

If they be considered as contradictory and destructive, there would then remain no evidence of citizenship of the company as averred in the *affidavit* for removal.

Rehearing refused.