(95 South. 227)

No. 24987.

## BURGIN BROS. & McCANE v. BARKER BAKING CO.

(May 8, 1922. On Rehearing, June 1, 1922.)

*(Syllabus by Editorial Staff.)*

**1. Attachment ☞1—Classes of attachments and their character specified.**

There are two classes of attachments, (1) where the writ is merely incidental to a demand in personam, and (2) where the proceeding is in rem operating only upon the property seized; and in the first class the proceeding is a conservatory process, while in the second class the attachment is the principal demand and the very foundation of the suit.

**2. Attachment ☞1—Purpose of law granting attachment against nonresidents stated.**

The purpose of the law (Code Prac. art. 240), authorizing attachments against · property of nonresidents,. is to furnish resident creditors a process whereby they may enforce their demands against nonresident debtors at least to the extent of the property seized.

**3. Corporations ☞670(2)—Foreign corporation appointing resident agent not subject to attachment as nonresident.**

Act No. 267 of 1914, § 23, as amended by Act No. 120 of 1920, providing that any foreign corporation upon filing copies of its certificate and articles of incorporation shall be entitled to a certificate authorizing it to exercise the same powers, rights, and privileges accorded to similar domestic corporations, provided it designates an agent upon whom process may be served, takes foreign corporations availing themselves of the right to appoint resident agents out of the operation of Code Prac. art. 240, permitting attachments against nonresidents, especially in view of Act No. 215 of 1920, giving right of attachment against nonresidents for damages ex delicto, but excepting those appointing an agent in the state upon whom process may be served.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Action by Burgin · Bros. & McCane against the Barker Baking Company. Judgment dissolving an attachment, and plaintiff appeals. Affirmed.

Taylor & Porter, of Baton Rouge, Monroe & Lemann· and Waler J. Suthon, Jr., all of New Orleans, for appellant.

Henry, Cooper & Westerfield, of New Orleans, for appellee.

By Division B, composed of Justices O'NIELL, LAND, and BAKER.

LAND, J. The petitioners are the members of a commercial partnership, which owns and operates a bakery ·in the city of Lake Charles, La., known as the "Barker ` Bakery."

Alleging that the defendant company purchased said bakery from petitioners, the present suit is instituted to recover of defendant company the purchase price, and the expenses for operation of said bakery incurred under an alleged agreement between petitioners and defendant company.

Averring that defendant company is a foreign corporation, organized under the laws of the state of Tennessee and domiciled in said state, that it does business within the parish of Orleans and owns property therein, and that the contract sued upon was concluded at the city of New Orleans by defendant company through its duly authorized president, W. D. Rollins, Jr., petitioners caused a writ of attachment to issue against. the property of defendant company, and service to be made on its duly appointed agent.

Thereupon defendant company, after bonding the property seized under said writ, moved to dissolve same on various grounds. As we have reached the conclusion that the first ground set forth in the motion to dissolve is well founded, we do not deem it necessary to pass upon the other grounds alleged in said motion.

Defendant company prays for the dissolution of the writ of attachment herein issued for the following reason, to wit:

"First. Because defendant is not a nonresident within the intent and meaning of article

240 of the Code of Practice for the reason that:

"(a) Though incorporated under the laws of the state of Tennessee, it has complied with all the requirements of the laws of Louisiana relative to doing business in this state and particularly with reference to the appointment of an agent upon whom service of process may be made by designating and appointing W. D. Rollins, Jr., of the city of New Orleans and registering the name of its agent in the office of the Secretary of State and with the clerk of the civil district court of the parish of Orleans, and, having thus complied with the laws of this state, is by the express provisions of Act 267 of 1914 entitled to all the rights and privileges accorded to domestic corporations."

(b) Defendant is in fact, as well as in contemplation of law, a resident of the city of New Orleans. It conducts business only in the said city of New Orleans, where it operates two stores, one at 610 Canal street and the other at Dryades street, in said city, and has no business establishment or store anywhere else."

As a "domestic" and a "foreign" corporation are expressly defined in section 31 of Act 267 of 1914, known as the "Corporation Act" of this state, it is not necessary for us to consult the decisions of other courts, or to compare the laws of other states with our own statute, in order to determine the issue here presented.

"A domestic corporation," as defined in section 31 of said act, "is one formed under the laws of this state, or one formed under the laws of the United States and domiciled in this state. Every other corporation is a 'foreign corporation.' "

Section 23 of Act 267 of 1914 as amended by Act 120 of 1920, reads as follows:

"Be it further enacted, etc., that any corporation formed in any state, territory, or federal district or possession of the United States, or any foreign country, shall be entitled to a certificate from the Secretary of State, authorizing it to exercise the same powers, rights and privileges as are accorded to similar domestic corporations organized under this act, upon filing in the office of the Secretary of State a certified copy of its certificate of incorporation and of its articles of incorporation; provided, that at the time of filing said certificate, the name of the agent in this state shall be given," etc.

The remaining provisions of this section relate to corporations which may be liable for the payment of severance taxes to the state, and are not applicable to defendant company.

On the trial of the motion to dissolve, the defendant company offered and filed in evidence the certificate of the Secretary of State certifying, "That the Barker Baking Company, a corporation organized under the laws of the state of Tennessee, domiciled at Memphis, Tenn., doing business in the state of Louisiana, has filed in this office a written declaration, as required by law, setting forth and containing the place or locality of its domicile, the place in the state where it is doing business, the place of its principal business establishment, and appointing Wm. D. Rollins, Jr., of the city of New Orleans, state of Louisiana, as its agent upon whom service of process may be made in this state, and that the written declaration aforesaid has been recorded in book "Powers of Attorney Record No. 7." This certificate is of date August 16, 1920, and the present suit was filed February 25, 1921.

The testimony taken on the trial of the motion to dissolve the attachment shows that the president, vice president, and manager of defendant corporation reside in the city of New Orleans; that said company owns and operates two bakeries there; that it owns no other bakeries in Louisiana or elsewhere. It thus appears that the entire business establishment of defendant company is in the city of New Orleans, where its officers and agent for service of process reside.

As defendant company, though formed under the laws of Tennessee, is domiciled in this state, it is a "domestic" corporation within the definition of section 23 of Act 267 of 1914, and is not subject to attachment

as a "foreign" corporation, on the ground of nonresidence.

A natural person can have but one domicile. On the other hand, an artificial person or corporation may be created by the laws of several states, and become a distinct corporation in each, and domiciled therein, and may be sued as such distinct corporation in the state in which it has been incorporated and in which it has a domicile. Desty, Removal of Causes, p. 66; Guinault v. Railroad Co., 41 La. Ann. 571, 6 South. 850.

The judgment appealed from is therefore affirmed, at appellant's cost.

O'NIELL, J., concurs in the result.

### On Rehearing.

### By the WHOLE COURT.

ROGERS, J. A re-examination of this case has served to convince us that our former decree is correct.

This suit, accompanied by attachment proceedings, is for the recovery, under an alleged agreement, of the purchase price and the expenses of operation of a certain bakery in the city of Lake Charles.

The attachment of the property of the defendant company was sought and obtained upon the theory that said company was a nonresident corporation doing business in the city of New Orleans with a duly authorized agent residing there for the service of process.

Service was made upon the resident agent; and, after bonding the writ, the defendant company moved to dissolve the attachment upon various grounds.

The first ground of the motion to dissolve was the only one considered by the court on the former hearing of this cause; and it is likewise the only one we find necessary to pass upon here.

This ground of the motion is that the attachment should be dissolved for the reason that the defendant company is not a nonresident within the intent and meaning of article 240 of the Code of Practice, because while incorporated under the laws of another state it has complied with the laws of this state, and is therefore authorized to do business in this state and is entitled to all of the powers, rights, and privileges accorded to domestic corporations; and, further, it is in fact, as well as in contemplation of law, a resident of the city of New Orleans where it operates two stores, its only business, having no establishment or store anywhere else.

In support of its contention the defendant company relies upon the provisions of section 23 of Act No. 267 of 1914, as amended and re-enacted by Act No. 120 of 1920.

It was established by the evidence adduced on the trial of the motion to dissolve that the defendant company had complied with the requirements of the law, and that its entire business operations are confined to the city of New Orleans, where its establishments are located, and where all of its officers and its agent for the service of process reside.

It seems to us that under the proven facts and the law applicable thereto attachment cannot lie against the defendant company.

[1] There are two classes of attachments: (1) Where the writ is merely incidental to a demand in personam; (2) where the proceeding is in rem, operating only upon the property seized.

In the first class, the proceeding is a conservatory process provided by law in aid of and to protect the creditor's right under certain circumstances in a suit against the debtor. The citation is the basis of the action, with the attachment merely as an incident thereof.

In the second class, the action is unconnected with any personal demand, and is binding only upon the property seized. The

attachment itself is the principal demand, is the very foundation of the suit, and stands in the place of the citation required in ordinary proceedings.

The distinction will more clearly appear when it is considered that in the case of attachment against, a nonresident and suit by constructive service the writ operates only within the limits of the jurisdiction from which it issues, and the judgment rendered has no effect beyond the property attached.

In the case where the court has jurisdiction of the person of the defendant, and the attachment is merely incidental to the principal demand, the attachment may run throughout the entire state as in the case of a writ of fieri facias.

So in the instant case no one will seriously question that the service on the designated agent had the effect of bringing the defendant corporation into court in an action in personam, and that even if the attachment be dismissed or voluntarily released the suit can still go on in the ordinary way, just as if no attachment had been obtained in limine, until final judgment be rendered herein.

Attachments of the second class are clearly applicable only in cases of absentees or of nonresidents. "Persons out of the state," that is to say, absentees and nonresidents, "can only be made amenable to our tribunals by having their property attached. A writ of attachment duly executed stands in the place of a citation." Schlatter et al. v. Broaddus, 4 Mart. (N. S.) 430; Favrot v. Delle Piane, 4 La. Ann. 584; Reynolds v. Horn, 4 La. Ann. 187; Page v. Generes, 6 La. Ann. 551; Watson v. Simpson, 15 La. Ann. 709.

[2] The purpose of the law in granting to the citizens of the state the high privilege of attaching the property found within the state of one who resides out of the state is to furnish the resident creditor a process of its courts whereby he may be enabled to enforce his demands against his nonresident debtor, at least to the extent of the property seized, which is all that the law can give.

[3] The proceeding by attachment was therefore the only means by which a nonresident debtor, whether an individual, partnership, or corporation, could be subjected to the jurisdiction of the courts of the state in a suit by one of its citizens until the enactment of the statute requiring nonresident corporations, as a condition precedent for doing business in the state, to appoint resident agents upon whom process might be served.

The statute modified the attachment proceedings authorized by the Code of Practice by taking out of the operation of its article on the subject such foreign corporations as avail themselves of the right to appoint resident agents upon whom legal process may be served, leaving, as still amenable to the codal rule, individuals, partnerships, and such foreign corporations as have no representatives for the service of legal process.

The reason and the policy of the enactment is to be found in the desire of the Legislature to substitute for the inadequate remedy of the Code of Practice, at least so far as foreign corporations are concerned, a method whereby such corporations may become subject to the full and complete jurisdiction of the courts of the state, thereby relieving the citizens of the state of the necessity of suing such corporations at their respective domiciles, with the inconvenience and expense attendant thereon.

The corporation, on the other hand, and by way of compensation, upon its compliance with the requirements of the law, is invested with all the powers, rights, and privileges of domestic corporations, one of which privileges is to be relieved of the seizure of its property merely upon the ground of nonresidency.

It would seem, therefore, to be almost too

plain to admit of argument to the contrary, that a foreign corporation doing business within the state with an agent residing therein for the purpose of service of legal process is subject personally to the jurisdiction of the courts, and is to be regarded as a resident for all purposes connected with legal process.

The provisions of section 23 of Act 120 of 1920, in conferring upon corporations that comply with the requirements of the statute the authority to exercise, "the same powers, rights, and privileges as are accorded to 'similar domestic corporations organized under this act," must be given a broader interpretation than as contended for by counsel for plaintiffs, that of merely permitting the exercise of the usual corporate powers, rights, and privileges. The statute not only accords these powers, rights, and privileges, but also under the broad construction thereof the right and privilege to the corporation of being relieved of the harassment and inconvenience flowing from the attachment of its property when full and adequate remedy to the suitor by action in personam is provided for.

Act No. 215 of 1920 is cited by counsel for both parties in support of their respective arguments.

The statute authorizes the issuance of attachments against individuals, partnerships and corporations, "nonresident of this state, or not domiciled therein, or, in the case of a corporation, not incorporated, under the laws thereof," in support of claims for damages ex delicto, thus extending the scope of the writ of attachment beyond the former limitations and authorizing the attachment of the property of nonresidents in connection with actions based upon torts. The act, however, contains the proviso that it "shall not apply * * * where the individual, partnership * * * or corporation has appointed an agent in the state of Louisiana upon whom service of process may be made."

Counsel for plaintiffs argue that the Legislature in extending the right of attachment to cases ex delicto considered it necessary to specifically exempt from attachment in such cases a nonresident corporation which has appointed an agent in the state upon whom process may be served, for the reason that under the existing laws such exemption did not exist and could only be created by a specific provision.

Per contra, counsel for defendant company contend that the purpose of the legislation was to place foreign corporations which had been admitted to do business in this state, by compliance with its laws, upon the same basis as domestic corporations; and that the principal requirement exacted of such foreign corporations is that they shall designate an agent within the state upon whom service of process may be made. In other words, to domesticate the corporation to the extent that a judgment in personam may be obtained against it in the same manner and with the same validity as against domestic corporations.

In so far as the statute has any bearing upon the issues herein involved it supports the case of the defendant company rather than that of the plaintiffs.

The effect of the act is to exempt individuals and partnerships from its operations, provided they appoint resident agents upon whom process may be served. Without this proviso these classes of litigants would be subjected in all cases to the operation of the writ. The statute gives them something which is not given to them in previous statutes, the right to protect themselves against attachment for the cause set forth by appointing a resident agent.

It is true, corporations are also mentioned in the proviso, but this provision did not give them any greater right than they al-

ready had under existing statutes. It may be the Legislature merely intended to emphasize their rights in this regard, or to indicate that the provisions of the act were not to extend the right given to attach a nonresident corporation in actions ex delicto any further than the existing right to an attachment against such corporations for claims arising ex contractu.

In support of their argument that a foreign corporation although duly qualified to do business in this state, must be regarded as a nonresident of this state and a resident of the state of its incorporation, counsel for plaintiffs cite the Louisiana cases of Bryans et al. v. Dunseth et al., 1 Mart. (N. S.) 412; Rayne v. Taylor & Co., 10 La. Ann. 726; Barber Asphalt Paving Co. v. City of New Orleans, 41 La. Ann. 1015, 6 South. 794; and J. R. Wood & Sons v. French Novelty Co., 9 Ct. App. (Orleans) 157. None of these citations is applicable to the issues herein involved.

The case of Bryans et al. v. Dunseth et al. merely held that an attachment would lie against an individual who resides permanently out of the state, and that the right cannot be destroyed or annulled by the accidental and transient presence of the stranger in the state.

In the case of Rayne v. Taylor the question presented for solution, as stated by the court, was "whether the fact that a nonresident debtor has a commercial domicile in this state exempts his property from seizure on attachment." The court answered the question in the negative.

The case of the Barber Asphalt Co. v. The City of New Orleans involved an issue of taxation vel non. The court held in that case that the defendant company's obligation for, and its liability to, taxation for debts or other incorporeal rights which it owned must be tested and settled at its domicile. The argument in the case on behalf of the taxing authorities was that, as the company had, in obedience to the constitutional requirement, appointed an agent upon whom process may be served it thereby assumed "the duties and obligations of a citizen of the state, a natural person." The court held this position to be untenable. It will be observed that the statutory provisions in the instant case are broader and more far-reaching than the constitutional provisions involved in the cited case, which merely authorized the doing of business within the state upon the appointment of an agent upon whom process might be served, while in the instant case the statute confers upon the foreign corporation appointing such agent all the powers, rights, and privileges accorded to domestic corporations.

The case of J. R. Wood & Sons v. French Novelty Co., which we have examined, not as being controlling upon us, but for such assistance as might be afforded by the opinion as we have high regard for the ability and learning of the court which rendered it, was whether a foreign corporation could be subjected to an attachment in this state when "it did business within the state and had a local establishment and a local representative therein." The case was prior to the enactment of Act No. 120 of 1920. Moreover, it does not appear from the opinion that the defendant had appointed an agent in this state upon whom service process could be had.

Counsel for plaintiffs and defendant have cited many authorities from other states in support of their respective positions. The weight of the authorities, however, seems to be with the defendant, as will appear from the following from Thompson's Commentaries on Corporations, vol. 6 (1896) p. 6420:

"Sec. 8060. *Foreign Corporations When not Deemed Nonresidents Within the Meaning of Attachment Laws.*—We have already had occasion to note the principle that foreign corporations may become domesticated so as to be, for all purposes of jurisdiction and procedure, domestic corporations within the state in which they acquire a qualified settlement and residence for the purpose of their business. We have also had occasion to consider a class of statutes under which foreign corporations, doing business within the domestic state, become liable to actions in personam, in which case the judgments rendered against them have the same force and effect, in that and any other jurisdiction, as. other judgments in personam rendered upon due notice. It would logically seem that when a foreign corporation becomes so domiciled in the domestic state, it cannot be treated as a nonresident within the meaning of the attachment laws of that state."

It is our conclusion that it was the intention of the Legislature, in requiring foreign corporations to appoint resident agents for the service of process as a condition precedent for the doing of business in the state, to regard such corporations as residents of the state at least, if no further, with the object of subjecting them to the jurisdiction of its courts for all purposes connected with legal process, and, consequently, within the meaning of our attachment laws.

To hold otherwise would lead to practical results highly injurious and detrimental to commercial and industrial operations, as it would permit the seizure and tying up of the property of corporations engaged in vast business enterprises, not only at the instance of those who might have more or less valid claims against the corporations, but also at the whim and caprice of every suitor who might fancy he had an action against said companies or might institute such suits to annoy, inconvenience, and harass the corporations in order to force unjust compromises and settlements.

For the reasons assigned, our former decree is reinstated and made the final judgment of this court.