In the original opinion in this case handed down by Justice OVERTON, this court avoided the judgment of the district court and dismissed the suit. It also dismissed the appeal from the judgment rendered on the rule against the sheriff.
A rehearing was granted, but it was restricted to the question whether the case should be dismissed or remanded for citation and notice of seizure.
The proceeding was in rem; defendants' property was seized, and citation was served on a curator ad hoc. The defendant was proceeded against as a nonresident, *Page 974 
without an agent in the state. The record shows that defendant was not cited, and that its property was improperly seized. We say not cited advisedly, because, if it appeared that there was a mere defect in the citation or in the service thereof, the case should be remanded in order that the defect might be corrected; but in this case there was no citation of defendant at all. Defendant is a foreign corporation, doing business in this state. It had availed itself of all of the advantages of the laws of the state, it had duly appointed an agent for the purpose of service of process, and, at the time this suit was instituted, it was maintaining such agent in the state and in the jurisdiction in which the suit was brought. Proceeding against such a corporation in rem, seizing its property and serving citation upon a curator ad hoc, is not a defective citation, but it is no citation of the corporation at all, and, on a proper showing of that fact, the court has no alternative, but must dismiss the suit. Act 179 of 1918; Burgin Bros. McCane v. Barker Baking Co., 152 La. 1075, 95 So. 227; National Park Bank v. Concordia Land Timber Co.,154 La. 31, 97 So. 272.
For these reasons the original decree of this court is correct, and it is therefore reinstated and made the final judgment of the court.