No. 3405

Second Circuit

———

PALMER v. AVALON OIL CO. ET AL.

———

(March 12, 1929.  Opinion and Decree.)
(April 5, 1929.  Rehearing Refused.)

———

Craig, Bolin and Magee, of Mansfield, attorneys for plaintiff, appellee.

W. M. Pollock, of Mansfield, attorney for defendants, appellants.

ODOM, J. Plaintiff brings this suit to collect certain amounts due him and his minor son on salary, and the sum of $22.56, alleged to have been collected by defendants from certain laborers for account of plaintiff and not paid by defend-ants, and asks judgment against the defendant corporation in solido.

The suit is in rem, plaintiff alleging that both defendants are foreign corporations not authorized to do business in this State and that neither had designated an agent in this State upon whom service and citation might be made. In order to obtain jurisdiction, plaintiff asked that the property of defendants within the parish, or a sufficient amount thereof to satisfy his claim, be attached. Under orders of the Court, certain property belonging to defendants was attached and citation and service made by posting and upon a curator ad hoc appointed by the Court.

Both defendants filed exceptions to the petition and citation on the grounds that, to plaintiff's knowledge, they both maintained an office in the Levy Building, City of Shreveport, this State, in which city their secretary-treasurer and other officers resided "where service of citation could easily be made upon your exceptors, and, in the alternative, show that as exceptors are foreign corporations doing business in this State, cannot be brought into Court by service and citation through a curator ad hoc, but that in event of failure to obtain service and citation upon your exceptors through its officers, living and residing in the City of Shreveport, Louisiana, service and citation should have been made according to Act 267 of 1914, as amended by Act 197 of 1918, upon the Secretary of State of Louisiana."

The Court overruled the exception, whereupon, the defendants, with reservations, filed answer denying the debt, and prayed that the attachment be dissolved, with $50,000.00 damages. There was judgment in favor of plaintiff, as prayed for, sustaining the attachment, and defendants appealed.

## ON EXCEPTION TO CITATION.

The main point presented for our consideration and decision is whether defendants have been cited and served according to law.

It is conceded that both defendants are foreign corporations not engaged in the business of insurance, and that they have not, as a condition precedent to being authorized to do business in this State, filed in the office of the Secretary of the State a written declaration of their domicile and place of business and the name of their agent or agents upon whom process may be served, as required by Act 184 of 1924, p. 286, nor with Act 194 of 1912, p. 382, making it the duty of foreign corporations doing business in this State to file with the clerk of the District Court in the parish in which it establishes a place of business, the name of the person upon whom process may be served.

The testimony shows that when this suit was filed, and for a considerable time prior thereto, the defendants were engaged in drilling for oil in the Parish of DeSoto and had brought in a producing well in that parish known as "Payne No. 1." They had also been operating just across the state line in Texas, and had there drilled a well known as the "Pickering" well. While engaged in these operations, they maintained an office in the Levy Building, in the City of Shreveport, Caddo Parish, from which all these operations were carried on. But they had overlooked, or at least had failed, to comply with the laws of this State requiring foreign corporations to make declaration of their place of business and to appoint an agent upon whom service of process might be made.

As we understand the contention made by counsel for defendants, it is that even though they had failed to comply with these laws, the fact that they were engaged in business in this State and maintained an office here in which its officers could be found, rendered them immune from the drastic remedy of attachment, as provided in the Code of Practice, Article 240, authorizing attachments "where such debtor resides out of the State;" or, in any event, under the circumstances of this case, the service should not have been made by posting and upon a curator ad hoc, but upon the Secretary of State, as provided in Paragraph (c), Sec. 26, Act 267 of 1914, p. 521, and sub-paragraph (c), paragraph (6), Sec. 1, Act 179 of 1918, p. 334.

Taking up these points in reverse order, we note that counsel in support of his contention that service should have been made on the Secretary of State, under the acts above noted, cites the case of McGovern vs. United Railway Men's Oil Association, 157 La. 966, 103 So. 280, which he says is controlling on the point. But that case is not authority for the contention here made.

In that case, it was alleged and it was true, that the defendant was a foreign corporation and at the instance of plaintiff attachment was levied on the property of defendant, and service was made on a curator ad hoc and by posting. The defendant excepted to the citation and contended that service should have been made upon the Secretary of State. The Court held in the original opinion and on rehearing that, under the conditions there shown to exist, there was in fact no citation and service at all, and counsel asks this Court to so hold in the case at bar.

But counsel has overlooked the fact that the distinction between the facts as found by the Court in that case and those which we find here is marked and manifest. In that case, the fact was that the defendant,

which was a foreign corporation, had complied with the law, and, said the Court on rehearing:

"* * * had availed itself of all of the advantages of the laws of this State, it had duly appointed an agent for the purpose of service of process, and at the time this suit was instituted, it was maintaining such agent in the State and in the jurisdiction in which the suit was brought."

There, as here, the suit was in rem, and the Court held that, under such circumstances, service on a curator ad hoc was no citation at all. In that case, the corporation, although organized in another state, had, by complying with our statutes, made itself to all intents and purposes a domestic corporation. When a foreign corporation comes to this State to engage in business, and, as a condition precedent, complies with our laws by designating a domicile and appointing an agent, it thereafter enjoys all the privileges and benefits, as well as immunities, of a domestic corporation. In matters of jurisdiction, such corporations are residents of this State and not absentees. Therefore, their property need not be attached in order to obtain jurisdiction.

Now, what was the situation when the plaintiff in the case at bar brought his suit? His debtors were corporations organized in a state other than Louisiana. They had no legal domicile, no agent here. They were, therefore, absentees. By the express terms of Article 240 of the Code of Practice, a creditor may obtain an attachment "when such debtor resides out of the State," and in suits in rem, such as this was, the attachment "was the very foundation of the suit and stands in the place of the citation required in ordinary proceedings."

Burgin Bros. & McCane vs. Barker Baking Co., 152 La. 1075, 95 So. 227.

Referring now to the suggestion that the defendant corporations were engaged in business in this State and had an office here, and that service could have been made upon someone in the office, and that, therefore, attachment for jurisdictional purposes was unnecessary, the answer is that they were in law absentees and owned property within the jurisdiction of the Court; that this was not an ordinary proceeding, but a suit in rem and the law is that the property of an absentee, situated within the jurisdiction of the Court, may be attached in such suits, even though the absentee be present in the State—the reason being that there is no other method by which such persons and their property can be made amenable to our tribunals.

(Burgin Bros & McCane vs. Barker Baking Company, supra, and the cases there cited.)

In the case of Bryan et al. vs. Dunseth et al., 1 M. (N. S.) 412, the Court said:

"Our attachment laws distinguish several cases in which an attachment will lie, and amongst them is the situation of a person who resides permanently out of the territory or state. This remedy given in such terms cannot be destroyed, annulled or suspended by an accidental and transient presence of a stranger."

In Rayne vs. Taylor & Company, 10 La. Ann. 726, it was specifically held that the property in this State of a non-resident debtor may be attached, even "though he had a commercial domicile in the State."

In the case of DePoret vs. Gusman et al., 30 La. Ann. 930, the Court said:

"The mere fact of non-residence gives the right of attachment even though the debtor is present in the State." (Citing Bryans et al. vs. Dunseth, 1 M. (N. S.) 412, and Sandel vs. George, 18 La. Ann. 526.)

In Allison vs. Brown, 148 La. 530, 87 So. 262, Brown employed Allen to drill a well in Union Parish on a lease which he owned. Brown was an absentee, but engaged in business in this State. Allison sued him and had his property attached. The question of his right to attach does not seem to have been raised, but the Court said:

"Defendant was a non-resident and plaintiff had the legal right, if his claims were due, to resort to attachment." (Citing C. P., Art. 243.)

Counsel call attention to Paragraph 6, sub-paragraph (c), Sec. 1, Act 179 of 1918, which provides that if the corporation (foreign) be one required by law to appoint and maintain an agent in this State, has failed to do so, as in this case, "and said corporation has not established and maintained an office in this State," service should be made on the Secretary of State. But the present suit is not an ordinary proceeding, but a proceeding in rem only, and it was held in the case of National Park Bank vs. Concordia Land & Timber Company, (Black River Lumber Company, Garnishee), 154 La. 31, 97 So. 272, that the Legislature by adopting Act 179 of 1918 did not intend that its provision with reference to citing non-resident corporations should apply to suits in rem, for, if such had been the intent, then there would, be conflict between the act and the articles of the Code of Practice authorizing the attachment of property of non-residents; and it was specifically held that there was no conflict and that the articles of the Code pertaining to attachment of the property of non-residents were not repealed. The Court, after quoting Section 3 of said act, providing that nothing in the act should be held to impair or affect proceedings by attachment or proceedings in rem as now authorized by law, said:

"By this provision, it will be observed that proceedings in rem authorized by law at the time of the adoption of the act, which include those, used in this case, are expressly preserved."

Our conclusion is, and we hold, that plaintiff's proceedings by attachment and the appointment of a curator ad hoc were proper.

### ON THE MERITS.

Counsel's only complaint in this respect is that the judgment is excessive. We do not think so. The testimony supports the findings of the lower court as to the amount due. True, there is some conflict in the testimony on this point. A decision on the point involves the accuracy and veracity of the witnesses. The Judge of the District Court was in better position to pass on such matters than we are, and we shall not disturb his findings.

For the reasons assigned, the judgment appealed from is affirmed, with costs in both Courts.