**BADGER v. REICH BROS. CONST. CO.**
**et al.**
**No. 11849.**

Circuit Court of Appeals, Fifth Circuit.
April 30, 1947.

Rehearing Denied May 31, 1947.

John D. Miller, of New Orleans, La., C. F. Engle, of Natchez, Miss., and John R. Anderson, of Tupelo, Miss., for appellant.

George T. Owen, Jr., of Lake Charles, La., for appellees.

Before HUTCHESON, McCORD, and WALLER, Circuit Judges.

WALLER, Circuit Judge.

The question involved is whether, under Section 113 of Title 28 U.S.C.A.,[1] the venue was properly laid in the Eastern District of Louisiana, where the suit was brought.

The defendant, Highway Insurance Underwriters, is a corporation under the laws of Texas, domiciled, according to its charter, in Austin, but in qualifying to do business in Louisiana it complied with the Louisiana statutes and appointed a resident agent in the Eastern District of Louisiana for the service of process upon it. The other defendants are all non-corporate and reside in the Western District of Louisiana.

Jurisdiction of the Federal Court in the Western District of Louisiana is conceded, but all of the defendants except the Texas corporation say that since no defendant resides in the Eastern District, the suit

---

[1] "When a State contains more than one district, every suit not of a local nature, in the district court thereof, against a single defendant, inhabitant of such State, must be brought in the district where he resides; but if there are two or more defendants, residing in different districts of the State, it may be brought in either district, and a duplicate writ may be issued against the defendants, directed to the marshal of any other district in which any defendant resides." Sec. 113, Title 28 U.S.C.A.

cannot, in the face of their objections, be maintained in the Eastern District. The plaintiff—the appellant here—counters with the response that the Texas corporation, under the decision in Neirbo v. Bethlehem Shipbuilding Co., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437, should be held to have waived the right to be sued at its corporative domicile and by reason thereof it became suable in the Eastern District to the same extent as would a resident of that District. To all intents and purposes, the plaintiff says, the corporation is a resident of the Eastern District of Louisiana to the same extent as a domestic corporation domiciled in that District. In collateral support of this contention appellant cites state statutes [2] and decisions holding that foreign corporations that have appointed resident agents under the statute become domesticated to the extent that they should be considered as domestic corporations, which, for instance, are not subject to attachment as non-residents.[3]

Appellees' answer to this is that appellant cannot augment or diminish the Federal statutes of jurisdiction and venue by invoking state statutes and state decisions.

The lower Court dismissed the suit as to the defendants residing in the Western District, but allowed the case to stand as to the Texas corporation. From this judgment the plaintiff appealed.

■ The lower Court did what should have been done.[4] The question must be decided under Federal law for it is apparent that if a foreign corporation which had qualified under the state statutes to do business in Louisiana were held to be an inhabitant, resident, or citizen of Louisiana to the same extent as a domestic corporation, then no citizen of Louisiana could sue such a foreign corporation in the Federal Courts of that state, nor could such a case be removed to the Federal Court. The impact of such a holding on the jurisdiction of the Federal Courts would be so devastating that if such a result is to be achieved it must come through Congressional legislation rather than through state statutes and decisions thereon.

■ That a corporation is a resident within the Federal statutes of jurisdiction and venue only at the place where it is located under its charter is too well settled and too sound in the law to be doubted now. In Ex parte Schollenberger, 96 U.S. 369, 24 L.Ed. 853, rendered in 1877, the Court said:

"States cannot by their legislation confer jurisdiction upon the courts of the United States, neither can consent of parties give jurisdiction when the facts do not; but both State legislation and consent of parties may bring about a state of facts which will authorize the courts of the United States to take cognizance of a case."

\* \* \* \* \* \*

"A corporation cannot change its residence or its citizenship. It can have its legal home at the place where it is located by or under the authority of its charter; but it may by its agents transact business anywhere, unless prohibited by its charter or excluded by local laws."

See also Fairbanks Steam Shovel Co. v. Wills, 240 U.S. 642, 36 S.Ct. 466, 60 L.Ed. 841; Gorman v. A. B. Leech & Co., D.C., 11 F.2d 454; Creagar v. P. F. Collier & Son Co., D.C., 36 F.2d 781.

■ It is settled by the Neirbo case that the defendant corporation has waived the right to insist upon being sued at its domicile by its acceptance of the Louisiana statute so that it may be sued in either district of Louisiana, but such waiver cannot bind the individual codefendants in this case. It is this implied waiver that allows the corporate defendant to be sued in the Eastern District of Louisiana in the absence of residence therein by any one of the other defendants.

■ The jurisdiction of the Federal District Courts is limited. It is entirely statutory and must always be made clearly to appear. For the same reason the venue cannot be other than that prescribed by the

[2] Act La. No. 267 of 1914, as amended by Act No. 120 of 1920; Article 240, Louisiana Code of Practice.

[3] Burgin Bros. & McCane v. Barker Baking Co., 152 La. 1075, 95 So. 227;

Fullilove v. Central State Bank, 160 La. 831, 107 So. 590; Palmer v. Avalon Oil Co., 10 La.App. 512, 120 So. 781.

[4] Murphree v. Mississippi Pub. Corp., 5 Cir., 149 F.2d 138.

statute unless the provisions of the statute are waived.

Since the corporate defendant was neither a resident nor an inhabitant of the Eastern District of Louisiana, and since its implied waiver was not a valid waiver on behalf of its codefendants, it follows that the judgment of the Court below should be affirmed.