CULPEPPER, Judge.
The plaintiff, Curt E. Bowers, filed this suit for $1,800 representing two months past due rent on a building leased to defendants for use as a boat manufacturing plant. Plaintiff obtained a writ of sequestration of movable property in the building on the basis of his lessor’s privilege and an allegation that defendants would dispose of the equipment during the pendency of the suit. Plaintiff also obtained a writ of attachment on the basis that defendants are nonresidents and that rent totaling $107,100 will become due under the terms of the 10-year lease.' Although defendants are nonresidents, they were personally served through service on D. C. Greene in Louisiana. Defendants filed a motion to dissolve the writs of attachment and sequestration. The district judge dissolved the writ of sequestration on the ground that by the time of the hearing the past due rent in the sum of $1,800 had been paid. However, he maintained the writ of attachment on the grounds that defendants are nonresidents and that they are obligated to pay the rent which is not yet due under the lease. Defendants appealed.
Defendants first contend the attachment is invalid because plaintiff did not follow the procedure set out in LSA-C.C.P. Article 3502 as follows:
“A writ of attachment or of sequestration may issue before the petition is filed, if the plaintiff obtains leave of court and furnishes the affidavit and security provided in Article 3501. In such a case the petition shall be filed on the first judicial day after the issuance of the writ of attachment or of sequestration, unless for good cause shown the court grants a longer delay.”
The evidence shows that on Saturday, September 17, 1977, Mr. Greene learned that defendants had moved certain equipment from another building in the area, so plaintiff consulted his attorney as to protective measures, as a result of which, plaintiff parked a large tractor in front of the door to the leased building and employed a guard to watch the building, for the apparent purpose of preventing defendant from removing the contents. On Monday, September 19, 1977, plaintiff filed the instant suit and obtained the writs of attachment *641 and sequestration, which were duly served by the sheriff of Jefferson Davis Parish.
Defendants contend that plaintiffs actions on Saturday constituted an unlawful seizure without a court order, that plaintiff did not follow the procedure set forth in LSA-C.C.P. Article 3502, and, therefore, the attachment and sequestration issued on Monday is also illegal. We find no merit in this argument. Even assuming for the sake of argument that there was an unlawful seizure on Saturday, this would not cause the seizure on Monday to also be unlawful. If the seizure on Saturday was unlawful, plaintiff could seek any damages resulting therefrom. He has not prayed for such damages in these proceedings, and that issue is not before us.
Defendants next argue that the nonresident attachment is unlawful because plaintiff did not secure the appointment of an attorney at law on whom service could be made in compliance with the procedures set forth in LSA-C.C.P. Articles 9 and 5091. As stated above, defendants were personally served by service on D. C. Greene in Louisiana.
In Roper v. Brooks, 201 La. 135, 9 So.2d 485 (1942) and Poulan v. Gallagher, 147 So. 723 (2d Cir. 1933) the courts held that personal service on the nonresident in Louisiana does not defeat a nonresident attachment. The rationale stated is that if the rule were otherwise, an absentee could always obtain dissolution of the attachment by making a personal appearance. Although these cases were decided under Article 240 of the Code of Practice, no change was made in this regard under the new Code of Civil Procedure. See Johnson, Attachment And Sequestration: Provisional Remedies Under The Louisiana Code Of Civil Procedure, 38 Tulane Law Review 1, at pages 3 and 5, where the Poulan and Roper cases are cited, without any indication that the rule established in these cases was changed.
Defendants’ next argument is that a bond for only $250 was posted at the time plaintiff filed this suit and obtained the writs of attachment and sequestration. Defendants contend that although the bond may have been sufficient for the nonresident attachment, a bond of at least $1,800 should have been posted for the sequestration.
The answer to this argument is that at the hearing on the motion to dissolve the writs of attachment and sequestration, the trial judge raised the bond to $50,000, which plaintiff has posted. Therefore, this issue is now moot.
Defendants’ final argument is that plaintiff’s petition for writs of sequestration and attachment does not allege any specific acts by defendants justifying a belief by plaintiff that defendants would conceal or dispose of the movables in the building, pending the litigation of this suit. It may be that plaintiff’s allegations were not sufficient for the issuance of the writ of sequestration. See Wright v. Hughes, 254 So.2d 293 (4th Cir. 1971). However, the writ of sequestration in the present case has been dissolved and the question of its validity is not at issue on this appeal.
As to the attachment, it was originally issued and, after hearing, was maintained on the grounds that defendants are nonresidents and that future rents of $900 per month will become due under the lease. LSA-C.C.P. Article 3543 expressly provides that “A writ of attachment may be obtained before the debt sued upon is due. If the debt is paid when it becomes due, the costs of the seizure shall be paid by the plaintiff.” See the discussion in 38 Tulane Law Review 1, at page 11. We find the attachment is valid.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendants-appellants.
AFFIRMED.