298 F.2d 341
 GENERAL DRIVERS, WAREHOUSEMEN & HELPERS, LOCAL UNION NO. 89, Virgil Peay, John Kendall, George Abell, Newton Stucker, Sylvester Davidson and Elvin Peay, Plaintiffs-Appellants,
v.
RISS AND COMPANY, Inc., Defendant-Appellee.
 No. 14534.
 United States Court of Appeals Sixth Circuit.
 January 31, 1962.
 
 Ralph H. Logan, Hardy, Logan & Tross, Louisville, Ky., for appellants.
 H. Bemis Lawrence, Louisville, Ky., for appellee.
 Before MARTIN and CECIL, Circuit Judges, and DARR, Senior District Judge.
 CECIL, Circuit Judge.
 
 
 1
 This is an appeal from an order of the United States District Court for the Western District of Kentucky dismissing the complaint of the plaintiffs-appellants for want of jurisdiction in the court to hear and determine the issues presented by the complaint.
 
 
 2
 It appears from the record in the trial court that the question of jurisdiction was considered by the trial judge at a pretrial conference, at which counsel for all parties were present. From the record no evidence was taken and there was no stipulation of facts. The order of dismissal was made upon defendant-appellee's motion at the conference.
 
 
 3
 The question now before this Court is whether it is apparent from the face of the complaint that it did not state a cause of action or that the trial court lacked jurisdiction to determine the questions presented by it.
 
 
 4
 The plaintiffs in the action are General Drivers, Warehousemen and Helpers, Local Union No. 89, and six individuals alleged to be employees of the defendant company. The defendant is a Delaware corporation engaged in the interstate transportation of freight by motor vehicle, as a common carrier, and maintains a freight terminal at Louisville, Kentucky. The action involves a contract between the plaintiff union and the defendant. Jurisdiction is claimed under section 301 of the National Labor Relations Act. (29 U.S.C.A. § 185) A copy of the contract is attached to the complaint and made a part of it.
 
 
 5
 Article VII of the contract provides for a Joint Local Area Committee, a Joint State Cartage Committee and a Joint Area Cartage Committee whose functions are to settle disputes that cannot be settled between the Employer and the Local Union. Article VIII prescribes grievance procedure. The parties agree that there shall be no strikes, lockouts, tie-ups, etc., without first using all possible means of settlement. Disputes are first to be taken up with the employer and union and then to be processed through the above named committees. Subdivision (g) provides, "* * * failure to comply with any final decision, withdraws the benefits of Article VIII."
 
 
 6
 It is alleged in the complaint that the grievances of the individual plaintiffs were processed through the machinery provided for in Article VIII and that the Joint Area Cartage Committee ordered the defendant to reinstate them with their seniority and pay them lost wages. It is further alleged that the defendant refused to carry out this order.
 
 
 7
 The procedure described in Article VIII is a grievance procedure. It is not an agreement for compulsory arbitration, in exchange for a no-strike or work stoppage clause. There is no finality to this grievance procedure. The facts of this case do not bring it under the principle of Textile Workers Union of America v. Lincoln Mills of Alabama, 353 U.S. 448, 77 S.Ct. 923, 1 L.Ed.2d 972. The order of the Joint Area Cartage Committee was not an arbitration award which could be enforced by the courts as was the case in A. L. Kornman Co. v. Amalgamated Clothing Workers, 264 F.2d 733, C.A. 6, cert. denied 361 U.S. 819, 80 S.Ct. 62, 4 L.Ed.2d 64. Recent pronouncements of the Supreme Court with reference to arbitration are not controlling here. See United Steelworkers of America v. American Manufacturing Co., 363 U.S. 564, 80 S.Ct. 1363, 4 L.Ed. 2d 1432 and United Steelworkers of America v. Warrior and Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed. 2d 1409.
 
 
 8
 It is alleged in the complaint inter alia that, on or about January 25, 1960, pickets were placed at the defendant's place of business in Louisville, by a labor union of Philadelphia, Pennsylvania; that a labor dispute existed in Philadelphia between the Philadelphia union and the defendant; that the individual plaintiffs herein "chose to respect and did respect the picket line of said Philadelphia labor union"; that on February 15, 1960, the named plaintiffs reported for work and the defendant refused to let them resume work.
 
 
 9
 The plaintiffs seek reinstatement of the individual plaintiffs with seniority and lost pay from February 15, 1960.
 
 
 10
 The defendant claims that the individual plaintiffs violated the contract by leaving their jobs on January 25th. The plaintiffs point to a provision of Article IX of the contract which reads as follows: "It shall not be a violation of this contract and it shall not be cause for discharge if any employee or employees refuse to go through the picket line of a union or refuse to handle unfair goods." This clause must be read with another clause of this Article. "The insistence by any Employer that his employee * * * go through a picket line after they have elected not to, and if such refusal has been approved in writing by the responsible officials of the Central States Drivers Council, shall be sufficient cause for an immediate strike of all such Employer's operations without any needs of the Union to go through the grievance procedure herein." (Emphasis added) There is no allegation in the complaint that the refusal to go through picket lines was given such approval.
 
 
 11
 It is our opinion that the complaint does not contain facts which would show that the plaintiffs were warranted under the contract to leave their jobs on January 25th.
 
 
 12
 Finally, it appears that the purpose of the action is to recover for the individual plaintiffs lost wages together with incidental benefits to the Union based on the payment of wages to employees. This we think brings the facts of this case within the ambit of Association of Westinghouse Salaried Employees v. Westinghouse Electric Corp., 348 U.S. 437, 75 S.Ct. 489, 99 L.Ed. 510.
 
 
 13
 As was said in that case, p. 461, 75 S.Ct. p. 501, "Nowhere in the legislative history did Congress discuss or show any recognition of the type of suit involved here, in which the union is suing on behalf of employees for accrued wages. Therefore, we conclude that Congress did not confer on the federal courts jurisdiction over a suit such as this one." See also Communications Workers of America, AFL-CIO v. The Ohio Bell Telephone Co., D.C., 160 F.Supp. 822, affirmed 265 F.2d 221, C.A. 6, cert. denied 361 U.S. 814, 80 S.Ct. 52, 4 L.Ed.2d 61.
 
 
 14
 The trial judge was right in dismissing the complaint and for the reasons stated herein the judgment of the District Court is affirmed.