James B. CHAMBERS, United Textile Workers of America and Watauga Rayon Workers Union Local 2207, Plaintiffs,

v.

BEAUNIT CORPORATION, Defendant.

Civ. A. No. 2096.

United States District Court
E. D. Tennessee,
Northeastern Division.

Nov. 6, 1967.

Bernard Cantor, Johnson City, Tenn., for plaintiffs.

Ferdinand Powell, Jr., Johnson City, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is ostensibly an action for the alleged breach of a contract of employment, while the defendant contends that it is an action to vacate an award in an arbitration proceeding under a collective bargaining agreement between the plaintiff's union and his employer. The jurisdiction of this Court is sought to be invoked by the plaintiff Chambers and his local and international unions under 29 U.S.C. § 185(a), and the defendant has interposed a motion to dismiss, on the ground that

such statute is inapplicable, leaving this Court without jurisdiction herein. Considering as matters outside the pleadings the exhibits admitted in evidence at the pretrial conference, the aforementioned motion of the defendant is treated by the Court as one for summary judgment, Rule 12(c), Federal Rules of Civil Procedure, and is disposed of as provided in Rule 56, Federal Rules of Civil Procedure.

The plaintiff Mr. Chambers was an employee of the defendant Beaunit Corporation in an industry affecting interstate commerce and was working at the latter's plant at Elizabethton, Tennessee, within the jurisdiction of this Court, under a collective bargaining agreement between the defendant and Local 227, United Textile Workers of America, A. F. of L. It was agreed therein that:

> " * * * The Union * * * recognizes that the employees are required to abide by and be subject to the Employer's rules * * * ." Article 13, Regulations, (b), thereof.

The defendant's general plant rules in effect on September 1, 1966 included as causes for disciplinary action against, or termination of the employment of, employees at the defendant's plant, unauthorized solicitation of any kind during work periods and the possessing, drinking, or being under the influence of, drugs or intoxicants.

On the aforementioned date, as Mr. Chambers was reporting for work, he was stopped at an entrance gate to the plant by a Mr. Carter, who told him that a Mr. Mingle and a Mr. Doty had left word for him (Chambers) to come by the defendant's plant office and talk with them. Mr. Chambers testified that he " * * * started back home * * * " but that by the time he was ready to leave, both Mr. Mingle and Mr. Doty were at the gate, and the three of them went into the plant office. In the ensuing conference, the plaintiff Mr. Chambers admitted that he had confectionary and medical items stored in his locker, although he denied knowing

anything " * * * about any liquor." Mr. Chambers was then given the option of voluntarily separating himself from his employment or being discharged. He immediately chose the former, without any consultation with officials of his union or others.

Unsuccessful efforts were made to devise a mutually acceptable plan for Mr. Chambers' retirement, but he declined to accept that which was offered. Thereafter, grievance procedures were instituted, in which Mr. Chambers was denied relief and, as the bargaining agreement provided, the matter was submitted to arbitration. His grievance was denied by the arbitrator under article 3 of the agreement " * * * for lack of timeliness." The plaintiffs contend that the above-described conduct of Messrs. Carter, Mingle and Doty, as agents of the defendant, prevented the pursuit by Mr. Chambers of the grievance procedures provided for in the contract in a timely manner, and that consequently the defendant is now estopped to rely on the time provisions of article 3 thereof.

■ Under article 4 of the agreement, the plaintiff Mr. Chambers was required to submit the issues surrounding his discharge to arbitration. Cf. John Wiley & Sons v. Livingston (1964), 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898, 905 (headnote 13), comparing the principle enunciated in United Steelworkers of America v. Warrior & G. Nav. Co. (1960), 363 U.S. 574, 582–583, 80 S.Ct. 1347, 4 L.Ed.2d 1409, 1417. This being true, this Court cannot, under the guise of interpreting the grievance procedures of this collective bargaining agreement, usurp the function entrusted to the arbitration tribunal, United Steelworkers of America v. Enterprise Wheel & Car Corp. (1960), 363 U.S. 593, 599, 80 S. Ct. 1358, 4 L.Ed.2d 1424, 1429 (headnote 8), as to procedural matters which are left to the arbitrator for adjudication. American Radiator & Stand. San. Corp. v. Local 7 of Int. Bro., C. A. 6th (1966), 358 F.2d 455, 458 [5], citing and quoting from *Wiley*, supra.

■ The purpose of this action of the plaintiff Mr. Chambers is to gain restoration to his former position and rights appurtenant thereunto and for loss of wages, as well as for alternative damages. The Congress has not conferred on this Court jurisdiction over an action such as this. General Drivers, etc., Local Union No. 89 v. Riss and Co., C. A. 6th (1962), 298 F.2d 341, 343 [3].

It follows that the motion of the defendant has merit and hereby is granted. The clerk will forthwith enter a summary judgment for the defendant, dismissing the complaint on the ground that this Court lacks jurisdiction of the subject matter hereof.