HARDY, Judge.
This is a suit in which plaintiff claims compensation for nursing services rendered the deceased father of the three nonresident defendants, Mrs. Rhonda Carlisle Jolly, F. A. Carlisle and O. D. Carlisle. From a judgment sustaining defendants’ plea of prescription and dismissing plaintiff’s suit, plaintiff obtained orders for a devolutive appeal.
In this court defendants have filed a motion to dismiss the appeal on the ground that the judgment rendered below effected the dissolution of the non-resident attachment upon which jurisdiction was based, and plaintiff’s failure to obtain and perfect a suspensive appeal has released the res which is the basis for jurisdiction. No answer nor opposition to the motion has been tendered on behalf of plaintiff.
The principle contended for by defendants in support of this motion to dismiss has recently been clearly enunciated by our Supreme Court in South Street Lumber Co., Inc. v. Dickerson, 235 La. 1062, 106 So.2d 513. (For an interesting discussion of this holding attention is called to Volume XIX Louisiana Law Review, 897.)
In the cited case the opinion of the court declared that reversal, on a devolutive appeal, of a judgment dissolving the attachment would nevertheless, find the court powerless to revive, recreate or reinstate the original attachment. The opinion further stated that failure to take and perfect a suspensive appeal precluded any judgment affecting the validity of the dissolution of a non-resident attachment.
The judgment appealed from is dismissed at appellant’s cost.