AYRES, Judge.
Plaintiffs, Chester V. Newton and Gary W. Davis, nonresidents of the State of Louisiana, seek by this action to collect wages, together with statutory penalties and attorney’s fees, allegedly due them by the defendant, Inter-American, Inc., a foreign corporation which has neither a domicile or place of business nor an agent for service of process in Louisiana. Nor is it authorized to do or doing business in this state.
Jurisdiction is predicated upon four writs of attachment issued in the course of the filing in this cause of an original and four supplemental and amended petitions. These writs were directed against and there was seized pursuant thereto a Boeing 307 airplane owned by defendant and located in Bossier Parish, Louisiana.
*523 Motions to dissolve the attachments and to release the property from seizure were sustained. The first of these writs, dated November 3, 1966, was dissolved and plaintiffs’ suit dismissed by a judgment of March 31, 1967, and the three later writs, dated November 18, 1966, December 7, 1966, and April 13, 1967, were dissolved and plaintiffs’ suit dismissed by a judgment of September 18, 1967. From the latter judgment, plaintiffs, by written motion, prayed for and were granted orders of both suspen-sive and devolutive appeals. However, only a devolutive appeal was perfected.
In the absence of a motion to dismiss an appeal, we are nevertheless required, as an appellate court, to take notice ex proprio motu of the failure of an appellant to perfect a proper appeal such as would confer jurisdiction or authority upon us to render an effective or enforceable judgment. LSA-Const. Art. 7, § 29; Twin City Printing Co. v. Fred Astaire Dance Studio, 149 So.2d 130 (La.App., 2d Cir. 1963); Barber v. Hardwick, 107 So.2d 725 (La.App., 2d Cir. 1958).
The rules of law pertinent to the instant case, and which impel a dismissal of the appeal, were clearly stated and thoroughly reviewed in South Street Lumber Company v. Dickerson, 235 La. 1062, 106 So.2d 513, 516-517 (1958), from which we quote:
“It is a well-settled doctrine from our earliest jurisprudence that non-residents of the state can only be made amenable to our courts by having their property attached, and that a writ duly executed stands in the place of a citation. Schlatter v. Broaddus, 4 Mart.,N.S., 430; Favrot v. Delle Piane, 4 La.Ann. 584. A writ of attachment is not, in the case of an absentee, a conservatory act, a remedy, an incident to the main action; it is, on the contrary, the very foundation of the suit and is binding only upon the property seized. Pugh v. Flannery, 151 La. 1063, 92 So. 699.
“The purpose of the law in granting to citizens of the state the high privilege of attaching the property found within the state of one who is a non-resident is to furnish the resident creditor a process of its courts, enabling him to enforce his demands against his non-resident debtor, at least to the extent of the property seized, which is all that the law can give. In such cases the writ operates only within the limits of the jurisdiction from which it issues, and the judgment rendered has no effect beyond the property attached. The attachment itself is the main demand, and it follows as a natural consequence, that an order setting aside an attachment terminates the suit and is a finality, having as its immediate effect an irreparable injury to one of the parties, unless appealed from within the time required to suspend its execution. Watson v. Simpson, 15 La.Ann. 709.
“In the case of Stanford v. Bischoff, 159 La. 892, 106 So. 371, we affirmed our holding in the Watson case, supra. Likewise in Burgin Bros. & McCane v. Barker Baking Co., 152 La. 1075, 95 So. 227, we there held that since an attachment is the sole basis of jurisdiction, once the writ is dissolved the jurisdiction of the court is lost.
“In First Nat. Bank of Shreveport v. Pierson, 176 La. 792, 146 So. 749, 750, we held that, after the court below had sustained a motion dissolving a non-resident attachment, ‘This necessarily terminated the case, for with the fall of the attachment, the proceeding being in rem and resting on the attachment, the entire case fell.’
“The termination of the suit is not, however, without the right of the seizing creditor to take an appeal, within the legal delays suspending the execution, of the judgment. Watson v. Simpson and *524 Stanford v. Bischoff, supra. A devolu-tive appeal from such a judgment mould he of no avail, failing as it does to stay the finality and execution of the judgment. Art. 578, Code of Practice.
"Thus, in the instant case, the judgment not having been appealed from sus-pensively, the court’s jurisdiction over or power to enforce any judgment upon the property released from the attachment was completely lost. See 7 C.J.S. Attachment §§ 470 and 471; Wade on Attachment, Vol. 1, p. 294; Citizens’ Bank of Columbia v. Bellamy Lumber Co., 140 La. 497, 73 So. 308; and McWaters v. Smith, 25 La.Ann. 515.
"It is manifest that appellant having failed to take and perfect a suspensive appeal, the legal consequences flowing therefrom were to release the property and to terminate the suit; and the attachment based on non-residency, once released by final judgment could not be revived or reinstated. A reversal by us, on a devolutive appeal of the final and executed judgment dissolving the attachment would find us powerless to revive, recreate or reinstate the original attachment. The validity of a judgment dissolving non-resident attachment, when not appealed from suspensively, cannot be affected by a reversal of the judgment or order on a devolutive appeal. Such legal consequences could have been averted by the taking and perfecting of a suspensive appeal.” (Emphasis supplied.)
See, also: Babers v. Jolly, 115 So.2d 245 (La.App., 2d Cir. 1959); 19 La.L.Rev. 897.
For these reasons, the appeal is dismissed at plaintiffs-appellants’ costs.
Dismissed.