MOTION TO DISMISS
KING, Judge.
The defendant-appellee, Louisiana Intrastate Gas Corporation, moves to dismiss the devolutive appeal of the plaintiffs-appellants, Walsh Brothers-Gahagan Ltd., et al., on the grounds that the appellants failed to take a suspensive appeal, and for this reason the appeal is now moot.
The plaintiffs originally filed this suit to have a gas purchase contract enforced. The defendants contended that a certain purchase price was lacking, thus the contract was terminated. The trial court granted a motion for summary judgment in the defendant’s favor, dismissing the plaintiffs’ claims. The instant devolutive appeal was filed by the plaintiffs.
The mover argues that since the trial court’s judgment terminated the contract in question, the plaintiff's-appellant’s only option for appeal was a suspensive appeal. The mover claims that this would be the only way that the “legal consequences flowing” from the trial court’s judgment could be suspended because once terminated the contract cannot be revived. This argument is based on two cases dealing with the effect of a devolutive appeal on writs of attachment that had been dissolved by the trial courts.
In Newton v. Inter-American, Inc., 209 So.2d 522 (La.App. 2 Cir.1968), and South St. Lumber Co. v. Dickerson, 235 La. 1062, *308 106 So.2d 513 (1958), writs of attachment were dissolved by the trial courts. These writs served as the basis for the respective courts jurisdiction over the non-resident defendants. Newton, supra at 523, South Street, supra, 106 So.2d at 516. In Newton, the property seized was movable property, an airplane, where as in South Street, the property seized was immovable.
After the trial courts dissolved the respective writs of seizure, the plaintiff in each case perfected a devolutive appeal only, not a suspensive appeal. The courts then reasoned that they were powerless to even review the propriety of the dissolution of the writ.
“Since an attachment is the sole basis for jurisdiction, once the writ is dissolved, the jurisdiction of the court is lost”. Newton, supra at 523 citing Burgin Bros. & McCarl v. Barker Baking Co., [152 La. 1075] 95 So. 227 (La.1922).
“Thus, in the instant case, the judgment not having been appealed from suspen-sively, the court’s jurisdiction over or power to enforce any judgment upon the property released from the attachment was completely lost.” Newton, supra at 524.
“It is manifest that appellant having failed to take and perfect a suspensive appeal, the legal consequences flowing therefrom were to release the property and to terminate the suit ... The validity of a judgment dissolving [a] non-resident attachment, when not appealed from sus-pensively, cannot be affected by a reversal of the judgment or order on a devolu-tive appeal ... Newton, supra at 524.
The same language essentially appears in the South Street Lumber case, supra 106 So.2d at 516, and the court relies on many of the same cases cited in Newton supra.
It is evident that the situation in those cases is quite different from the case sub judice as jurisdiction is not an issue. Mov-ants’ argument is falsely premised on the contract being validly found unenforceable by the very judgment appealed from. The Court of Appeal certainly has the jurisdiction and power to set aside and reverse the trial court’s granting of the motion for summary judgment on the grounds that there is an issue of fact or law, and order a trial on the merits to determine if the contract is enforceable. Mover’s contention that the Court of Appeal has no authority to render a judgment concerning this contract is not supported by Bown v. Austral Oil Company, Inc., 322 So.2d 866 (La.App. 3rd Cir.1975) or any other legal authority.
Since the effects of this judgment have not been suspended by the plaintiffs perfecting a suspensive appeal, while the case is pending on a devolutive appeal, the parties to the litigation act at their own risk. Until all appeals are finished, there has not been a definitive final end to the litigation. Consequently, movers do not have to abide by any of the terms of the contract in question during this devolutive appeal, but should the contract be reinstated, the movers would have acted at their own risk. See Lisi Realty Inc. v. Plaisance, 306 So.2d 920 (La.App. 1st Cir.1974), writ denied 310 So.2d 640 (1975), Kaplan v. University Lake Corp., et al., 394 So.2d 782 (La.App. 4th Cir.1981), Wasson v. Wasson, 439 So.2d 1208 (La.App. 1st Cir.1983) at Judge Lanier’s concurrence, Guaranty Savings Assurance Co. v. National American Bank of New Orleans, 407 So.2d 795 (La.App. 4th Cir.1981), writ denied 410 So.2d 1135 (La.1982).
If one were to follow the mover’s logic, then devolutive appeals would be moot in the large majority of cases as most judgments consist of an order to do or not do something. Clearly, the Code of Civil Procedure provides for appeals that do not suspend the effect of a judgment. LSA-C. C.P. Art. 2087.
On other grounds, the mover has relied on cases in which the jurisdiction of the court was based on the attachment of a non-resident’s property. The ownership, or rights to the property itself was not the subject of the litigation, so the proceedings were quasi en rem proceedings seeking to obtain personal judgments, with jurisdiction based solely on the attachment of *309 property. This method of obtaining jurisdiction over a non-resident has been scrutinized in the case of Shaffer v. Heitner, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed 2d 683 (1977). The U.S. Supreme Court held that there must be sufficient contacts with the forum asserting jurisdiction so as not to offend the traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); Shaffer, supra 97 S.Ct. at 2571. This decision renders unconstitutional assertions of personal jurisdiction over a non-resident, simply because his property is found in the state, and is subject to seizure. The cases cited by mover are gre-Shaffer, and mention only the property as the basis for the quasi en rem proceeding.
As the mover has offered no legal authority why a devolutive appeal does not lie from the trial court’s judgment granting mover’s motion for summary judgment, mover’s motion to dismiss is denied at its cost.
MOTION DENIED.