563 So.2d 577 (1990)
CURRAN PLACE APARTMENTS
v.
Valeria HOWARD.
No. 89-CA-2257.
Court of Appeal of Louisiana, Fourth Circuit.
June 14, 1990.
*578 Laurie Peller, New Orleans Legal Assistance Corp., New Orleans, for defendant, appellant.
Before SCHOTT, C.J., and BARRY and BECKER, JJ.
BECKER, Judge.
Defendant/appellant, Valeria Howard, was a tenant at Curran Place Apartments pursuant to a written lease. Curran Place Apartments is a federally subsidized landlord receiving financing from the United States Department of Housing and Urban Development (H.U.D.) and as a recipient of federal funds is required to comply with federal statutes, regulations and policies, as well as its lease agreement which incorporates federal standards for evicting tenants.
On April 4, 1989, Mrs. Howard received a five day notice to vacate for "violation of lease." Following a rule to evict, a judgment was rendered on May 31, 1990, in favor of Curran Place Apartments ordering Ms. Howard to vacate her apartment. Pursuant to the judgment Ms. Howard vacated the premises on June 8, 1989. Due to her poverty, she was unable to post a suspensive appeal bond and therefore filed a motion to appeal devolutively which was granted June 9, 1989.
Appellant contends the trial court erred in ordering her eviction absent a finding of material noncompliance with the lease and absent a specific termination notice as required by the lease and federal law.
Appellant attempts to distinguish Versailles Arms Apartments v. Wheeler, 452 So.2d 326 (La.App. 4th Cir.1984). Because of her inability to post a suspensive appeal bond, she argues there was no meaningful acquiescence in the eviction order, but nevertheless vacated the premises. Having done so, any change in the trial court's judgment would have no practical or legal effect. While there may be some claim for damages for illegal eviction, no such claim is presented in this appeal.
Accordingly, the appeal is dismissed.
DISMISSED.
SCHOTT, C.J., concurs with reasons.
BARRY, J., dissents with reasons.
SCHOTT, Chief Judge, concurring:
The only matter before the court is a judgment ordering the eviction of appellant from the leased premises. Since she has vacated the premises her appeal from the judgment is moot and subject to dismissal. Versailles Arms Apartments v. Wheeler, 452 So.2d 326 (La.App. 4th Cir.1984). Whether or not she has a legitimate claim for damages for premature eviction or for declaratory judgment to reacquire her eligibility for federally subsidized housing are not before this court because she did not assert such claims in these proceedings and the trial court did not adjudicate them.
I join in dismissing the appeal.
BARRY, Judge, dissenting with reasons.
The record shows this eviction was not based upon a lease violation.
The trial judge's concern (after hearing testimony) was that the eviction should be granted because "the welfare of those children are in the back of my mind, and I think something should be done." There was no specific finding of a lease violation.
Further, this matter is distinguishable from Versailles Arms Apartments v. Wheeler, 452 So.2d 326 (La.App. 4th Cir. *579 1984). Further, the notice to vacate was apparently improper because it did not specify the alleged violation as required by federal regulations.
The net result is that this mother of three will be permanently precluded from federal subsidized housing because of what I believe was an illegal eviction.