591 So.2d 808 (1991)
ROLAND CONSTRUCTION COMPANY, INC., Plaintiff-Appellee,
v.
CITY OF ALEXANDRIA, Defendant-Appellee, Allen & LeBlanc, Inc., Intervenor-Appellant.
No. 90-603.
Court of Appeal of Louisiana, Third Circuit.
December 18, 1991.
Gold, Weems, Bruser, Sues & Rundell, Henry Bruser, Alexandria, for plaintiff-appellee.
Allen, & Gooch, Paul J. McMahon, Lafayette, for intervenor-appellant.
Garrett, Ryland & Nunnally, Charles F. Nunnally, III, Alexandria, for defendant-appellee.
Before DOMENGEAUX, C.J., and GUIDRY and KING, JJ.
KING, Judge.
The issues presented by this appeal are whether the trial judge was correct in finding that plaintiff complied with bid specifications for a project and was correct in *809 enjoining the City of Alexandria from granting a contract for the project to anyone other than plaintiff; whether the trial judge was correct in finding the City of Alexandria acted with just cause in rejecting all bids for the project; and whether this appeal should be dismissed as moot.
The City of Alexandria, Louisiana (hereinafter the City) advertised for bids for improvements to the water system of the City. Bids were received and the City rejected all bids. Roland Construction, Inc. (hereinafter plaintiff) then instituted this suit seeking a declaratory judgment that it was the successful bidder and an injunction. to prevent the City from awarding the contract to any other bidder. Allen and LeBlanc, Inc. (hereinafter intervenor), another bidder for the job, intervened in the suit only seeking that plaintiff's request be denied and that its suit be dismissed. After a trial on the merits, the trial judge rendered written reasons for judgment ruling in favor of plaintiff and dismissing the intervention. A formal written judgment was signed. Intervenor-appellant timely entered a devolutive appeal. Subsequently, the City awarded the contract to plaintiff who commenced and completed the work during the pendency of this appeal. Plaintiff and the City then filed in this Court a Motion To Dismiss Appeal. We order the appeal dismissed.

FACTS
The defendant, the City of Alexandria, Louisiana, advertised for bids in connection with a public works construction contract for an addition to its city water system. There were three phases to the project and this litigation stems from the third phase of the project which was the construction of underground water transmission lines (hereinafter the project). The City received bids in connection with the project on August 1, 1989. Ten bids were received of which the apparent low bidder was Intervenor, Allen and LeBlanc, Inc., followed by Thomas Heard General Contractors and then plaintiff, Roland Construction Company, Inc.
The bids of Intervenor and Thomas Heard General Contractors failed to comply with bid specifications, which required that, if alternate materials were to be used, the contractor was to circle on the bid form the material or the alternate for the material which the contractor proposed to furnish. Neither Intervenor nor Thomas Heard General Contractors circled on the bid form the alternate materials to be used. Failure to circle the alternate material was considered an irregularity and possible cause for rejection of the bid.
The City Engineer, Thomas Dudley Hixon, made his recommendation, in a letter dated August 10, 1989, that because of the irregularities in the bids which could not be waived, the award of the contract for the third phase of the project should be made to plaintiff, the third lowest bidder. Later, Mr. Charles Nunnally, attorney for the City, contacted Mr. Hixon expressing concern over the fact that plaintiff had circled two alternate materials in the bid form. Mr. Nunnally requested that Mr. Hixson give his opinion on the validity of plaintiff's bid. Mr. Hixson responded in a fax transmittal that both alternate items circled on plaintiff's bid form were interchangeable and that this only resulted in an informality.
On August 22, 1989, at a regularly called meeting, the City Council of Alexandria rejected all the bids on the project and the minutes of the council meeting are void of any reason for this rejection of all bids. Plaintiff then brought suit in district court to have itself declared the low bidder and to enjoin the City from awarding the contract for the project to any bidder other than itself. Intervenor entered the suit only seeking to have plaintiff's requested relief denied. The trial court found that plaintiff had complied with all the prerequisites of the Public Bid Law and the bid specifications and that the City Council had no just cause for rejecting plaintiff's bid. Judgment was rendered in favor of plaintiff and dismissing the intervention.
Intervenor timely took a devolutive appeal alleging that the trial court erred in failing to find that plaintiff's bid did not *810 comply with the bid specifications and erred in failing to find that the City acted with just cause in rejecting all bids submitted. Subsequently, during the pendency of this appeal, the City awarded a contract for the project to plaintiff who commenced and completed performance of the project. Plaintiff and the City then filed in this Court a Motion To Dismiss Appeal of Intervenor on the basis that the issues on appeal before this court are now moot.

LAW
A moot case is one which seeks a judgment or decree which, when rendered, can give no practical relief. Robin v. Concerned Citizens, St. Bernard, Inc., 384 So.2d 405 (La.1980); Coomes v. Allstate Ins. Co., 517 So.2d 436 (La.App. 1 Cir.1987); State in Interest of Minor Female Child, 470 So.2d 595 (La.App. 1 Cir.1985).
It is well established that it is the function of appellate courts to render judgments which can be made effective and not to give opinions on moot questions. Savings Bank of Baltimore v. Venture 73, 452 So.2d 395 (La.App. 3 Cir.1984), writ den., 458 So.2d 487 (La.1984); Cox v. Watts, 329 So.2d 917 (La.App. 1 Cir.1976); Brown v. Town of Lake Providence, 200 So.2d 764 (La.App. 2 Cir.1967).
In Louisiana State Licensing Bd. v. Cedotal, 458 So.2d 503 (La.App. 1 Cir.1984), the State Licensing Board for Contractors sought an injunction to stop construction of a building in which the builders were not licensed contractors. The contractors sought dismissal of the appeal on grounds that the construction was completed pending appeal. The court held the appeal was moot and ordered the appeal dismissed.
In Curran Place Apartments v. Howard, 563 So.2d 577 (La.App. 4 Cir.1990), the tenant sought appeal from a judgment ordering her to vacate the premises. Pending her appeal, she vacated the apartment and a motion was filed to dismiss the appeal. The Fourth Circuit finding that "any change in the trial court's judgment would have no practical or legal effect" dismissed the appeal as moot.
In the case at hand, since Intervenor only filed a devolutive appeal from the trial court judgment which awarded the contract to plaintiff, intervenor took the risk of the award of a contract for the project and completion of the project while the matter was pending on devolutive appeal. Walsh Bros. v. Celeron Corp., 501 So.2d 307 (La.App. 3 Cir.1987).
Finding that the issues regarding Intervenor's appeal have been mooted by the subsequent awarding of a contract by the City and completion of the project by plaintiff, we will pretermit discussion of the Intervenor-Appellant's assignments of error and order this appeal dismissed as moot.
APPEAL DISMISSED.