hBYRNES, Judge.
The trial court granted plaintiff, Angelia Cusimano’s Rule to Evict the defendant Shawn Reilly from the premises located at 1000 St. Ann St. Reilly appeals. We affirm.
On November 4, 1994 the plaintiff, Angelia Cusimano filed a Rule To Evict Tenant in First City Court for the Parish of Orleans. Although Cusimano’s Rule stated only that the lease “has now terminated”, annexed to the Rule and incorporated therein by reference as Exhibit A was a letter from counsel for Cusimano notifying Cusimano of the termination of the lease and giving the grounds therefore.
A fire which seriously damaged the leased premises occurred on August 1, 1994 which led to several points of disagreement between landlord and tenant as to who was responsible for what and when. Cusimano has not contended so far that Reilly was in any way responsible for the fire.
bln any event, suffice it to say that the disputed issues culminated in the case that is now before us on appeal.[1]
Reilly assigned as error the following:
1. The failure of the lower court to grant his Exception of Vagueness.
2. The failure of the lower court to grant his Exception of Lis Pendens.[2]
3. The granting of the Rule for Eviction without the presentation of testimony and/or evidence.
However, it is not necessary to the disposition of this appeal that we attempt to resolve any of these assignments of error as this case is moot. Plaintiff did not take a suspen-sive appeal. Just as in Versailles Arms Apartments v. Wheeler, 452 So.2d 326 (La.App. 4 Cir.1984), writ denied, 461 So.2d 310 (La.1984), both parties conceded in oral argument to this Court that appellant no longer occupies the leased premises. Therefore, this appeal is moot. Curran Place Apartments v. Howard, 563 So.2d 577 (La.App. 4 Cir.1990), and Lemann v. Kogos, 273 So.2d 63 (La.App. 4 Cir.1973).
For the foregoing reasons the judgment of the trial court is affirmed.

AFFIRMED.

. Reilly first sought relief from the ruling of the trial court by applying to this Court for supervisory writs in matter No. 94-C-2400. This Court denied that application on November 30, 1994.

. Prior to the time that Cusimano filed this Rule to Evict, Reilly had filed a Petition for a Declaratory Judgment, Injunctive Relief and Damages in the Civil District Court for the Parish of Orleans in proceedings No. 94-17066. In granting Cusi-mano's Rule to Evict, the judge of the First City Court ruled that Reilly could not deprive Cusima-no of her right to a summary proceeding in the First Parish Court by beating her to the courthouse in civil District Court.