JjBYRNES, Chief Judge.
The appellant, Dr. Wes Aden, seeks review of a judgment rendered by the First City Court of New Orleans granting the rule for possession filed by the appel-lee, Barbara Ferguson Lorning, and ordering him to vacate the premises at 7233 General Haig Street. The appellant also seeks review of the court’s decision denying his exception of lis pendens and a later judgment recalling and setting aside a previously granted motion allowing him to take a suspensive appeal of the judgment of eviction.
The appellee commenced her attempts to evict the appellant from her house on February 1, 2001 by giving the appellant a five day notice to vacate and deliver the premises located at 7233 General Haig Street to her. The appellee alleged that there was no lease on the property and that on August 4, 2000 she gave the appellant a written notice to vacate the property by January 31, 2001. On February 8, 2001, the appellee filed a rule for possession of the premises, noting that she planned to move back into her house. The rule for possession, which notified the appellant to appear in First City Court on February 15, 2001 to show cause why he should not be evicted, was served on the appellant on February 10, 2001.
li>On February 14, 2001, the appellant filed an answer to the rule for possession and an exception of lis pendens. The appellant generally denied the allegations of the petition. He further averred that 1) the rule for possession was premature; 2) the parties had entered into a verbal one year lease on the property which resulted in his lease having a minimum term of eighteen months; and 3) the appellee failed to give timely notice to vacate the property, thus his tenancy did not end until October of 2001. In his exception of lis pendens the appellant alleged that he had filed a petition for declaratory judgment and injunctive relief against the ap-pellee in the Civil District Court on February 6, 2001. Attached to the exception was a copy of a pleading entitled “Petition for Declaratory Judgment, Possession, Temporary Restraining Order, Injunctive Relief and Damages” which had been filed in the action William Wesley Aden v. Barbara Fergueson Lorning, d/b/a BFL Enterprises, CDC No. 01-2267, Div. K. In that action, the appellant argued that notwithstanding an alleged verbal agreement which gave him the right to remain at the premises of 7233 General Haig Street until October of 2001 the appellee had caused a five day notice to vacate to be tacked to his front door. The appellant sought a declaratory judgment enforcing the alleged verbal lease, a temporary restraining order prohibiting the appellee from disturbing his possession of the property, a hearing to determine if a preliminary injunction should issue, and damages. In the exception of lis pendens, the appellant argued that his action for injunctive relief filed in the Civil District Court concerned the exact same cause of action as the eviction proceeding filed by the appellee in First City Court. Accordingly, he requested that the appellee’s rule for possession be denied and that her action be consolidated with his earlier filed action which was already pending in Civil District Court.
|aA hearing on the rule for possession was held on February 15, 2001. At that hearing all parties acknowledged that the trial judge in Civil District Court had denied the appellant’s request for a preliminary injunction in CDC no. 2001-2267 on February 14, 2001. Based on the denial of the appellant’s request for a preliminary *528 injunction, the trial court denied the exception of lis pendens and proceeded to hear the rule for possession.
The sole person testifying at the rule for possession was the appellee, Mrs. Lorning. Mrs. Lorning testified that she leased the premises to the appellant, Dr. Alden, on February 23, 1998. The lease was for a one-year term. At the end of the year, Mrs. Lorning did not renew the lease for another year. Rather, pursuant to the terms of the lease, the lease began to run from month to month. The terms of the lease required the appellee to give the appellant thirty days notice to vacate the property. Mrs. Lorning testified that the parties never had any type of oral lease that changed the terms of the original lease.
In connection with Mrs. Lorning’s testimony counsel introduced into evidence a lease signed on February 21, 1998 by the parties. The stated terms of the lease indicate that the lease period commenced on February 23,1998 and ended on February 23, 1999. The lease agreement contained the following terms for renewal of the lease:
AUTOMATIC RENEWAL — If Lessee or Lessor, desires that this lease terminate at the expiration of its term, he must give to the other written notice at least 30 days prior to that date. Failure of either party to give this required notice will automatically renew this lease on a month to month basis. If this lease automatically renews on a month to month basis then if Lessee or Lessor desires that this lease terminate he must give to the other written notice of the termination at least SO days prior to the last calendar day of the month in which the lease is to terminate, if this lease automatically renews on a month to month basis then all terms and conditions of this lease remain in effect, (emphasis added)
|4The appellee testified that pursuant to these lease terms she initially wrote the appellant on March 21, 2000 telling him he needed to vacate the property no later than April 30, 2000 so that she could move back into her house. The appellant later informed the appellee that he was having trouble getting out and she decided to extend the time for vacating the property by two weeks. She sent the appellee a letter on April 3, 2000 telling him that he could remain in the house until May 15th. In that letter the appellee also indicated that she was returning the appellant’s check dated April 1, 2000 which was for payment of ten months rent. She requested that the appellant submit a check for payment of one month of rent at a time as agreed. The appellee testified that the appellant did not want to move as demonstrated by the fact that in April of 2000 he sent her a proposed lease extending the lease for ten months, along with a check for ten months rent. She did not sign the lease and she returned his check to him. Additionally, on April 11, 2000 the appellee wrote the appellant another letter acknowledging that she understood that he wanted to remain at the house longer, but reminding him that this was not possible. She again reminded the appellant that he was to vacate the property on May 15, 2000.
Subsequently, the appellee was asked to care for a sick relative who was dying of liver cancer. She agreed to go live with the relative and care for him until such time as he died or was place in a nursing home. For that reason, she told the appellant that he could stay in the house a little longer. She testified that she wrote the appellant a letter advising that when her relative died or was placed into a nursing home, she would give him as much *529 notice as possible to vacate the property. The appellee’s sick relative was eventually placed in a nursing home. On August 4, 2000 the appellee wrote the appellant advising that the problems ^occasioned by the illness of her relative had been resolved and that she planned to move back into her home. Indicating that she had agreed to give him six months notice, the appellee requested that the appellant make plans to vacate the house by the end of the month of January 2001.
In October, November, and December of 2000, the appellee wrote the appellant additional letters reminding him to move out no later than the end of January of 2001. In one letter, she even asked if he could move out sooner because she was traveling a great distance to work in New Orleans every day. On February 1, 1001, the appellant still had not vacated the property; consequently, the appellee placed a five-day notice to vacate on his door. The appellant sent a check trying to pay rent for February. On the back of the check was a handwritten notation from the appellant indicating that if the appellee deposited the check, he had another year’s lease. However, the appellee did not deposit the check. In connection with the appellee’s testimony, counsel introduced and filed into evidence the various letters the appellee had sent the appellee.
The appellant did not testify at the rule for possession. Indeed, he did not even appear for the hearing, and his counsel presented no evidence to substantiate the appellant’s claim of a verbal agreement extending the lease to October. Instead, his attorney attempted to argue that the August 4, 2000 letter proved that there had been a verbal agreement and that the appellee was to give him six months notice to vacate at the end of a one year term that ended in May of 2001.
Following the hearing on the rule for possession the trial court signed a judgment in favor of the appellee making the rule absolute and ordering the appellant to vacate the premises by February 19, 2001. The appellant filed a motion for a suspen-sive appeal that same day. The trial court signed an order | granting a suspensive appeal upon the appellant furnishing legally acceptable security in the amount of $1550 and $1550 rent for the month of February Thereafter, rent was to be deposited monthly into the registry of the court on the first day of the month beginning March first.
The appellant, posted the necessary security the next day, February 16, 2001, but the receipt evidencing payment of the amount required as security contains no notation indicating what time the security was paid. On February 16, 2001, the ap-pellee filed an ex parte motion and order to recall and set aside the suspensive appeal on the basis that the answer filed by the appellant did not contain any affirmative defenses as required by La. C.C.P. art. 4735. That motion, which contains a signed an order recalling and setting aside the suspensive appeal, was filed in court at 9:02 A.M.
Upon discovering that the court had recalled the order allowing his suspensive appeal, the appellant filed an opposition to the granting of the appellee’s ex parte motion. He argued that the suspensive appeal was properly granted because he had alleged affirmative defenses. He further argued that the trial court had no authority to recall the suspensive appeal because its jurisdiction over the case was divested upon the signing of the order granting the appeal. The appellant then filed notice of his intent to apply for supervisory writs. The trial court signed an order on February 20, 2001 directing the appellant to file his writ application in this *530 Court by February 23, 2001. The trial court also signed an order staying the judgments of February 15, 2001 and February 16, 2001 pending the appellant’s application for emergency supervisory writs. The appellant filed writ application no. 2001 C 0385 in this court as a regular writ application on February 22, 2001. In response, the appellee filed a motion for expedited consideration, a ^motion to dismiss, and a motion for sanctions for filing a frivolous appeal. On March 7, 2001, this Court denied the appellant’s writ application. This Court also denied the appellee’s motion for expedited consideration and motion to dismiss as being moot. This Court also denied the appellee’s motion for frivolous appeal.
On March 15, 2001, the appellant filed a motion in the trial court seeking an emergency stay pending the filing of a writ of certiorari in the Supreme Court of Louisiana. The appellant alleged that the appel-lee had obtained a writ for possession and was in the process of executing the writ. He alleged that execution of the writ would cause him irreparable harm. The trial court denied the request for a stay of its earlier judgment, and the appellant was evicted from the premises on March 15, 2001. Averring that any suspensive appeal was now moot, the appellant filed a motion to release the money deposited as security for the suspensive appeal. The trial court signed an order on March 20, 2001 releasing the money. On March 16, 2001 the appellant filed a motion for a devolutive appeal of the February 15, 2001 judgment denying his exception of lis pen-dens and ordering him to vacate the premises and the February 16, 2001 judgment recalling his suspensive appeal. He subsequently filed a motion to extend the return day for the filing of his devolutive appeal. The record for this devolutive appeal was lodged in this Court on June 14, 2001. On June 15, 2001, the appellee filed a motion to dismiss this appeal and a motion for frivolous appeal. By order dated July 31, 2001, this Court denied both motions.
The appellant argues three assignments of error in this devolutive appeal. In his first assignment of error, the appellant argues that the trial court erred in denying his exception of lis pendens. The appellant argues that the appellee did not. file her rule for possession until February 8, 2001, two days after he filed his action Lin Civil District Court. Because his action was filed first, he argues the trial court should have granted his exception of lis pendens pursuant to La. C.C.P. art. 531 which provides:
Art. 531. Suits pending in Louisiana court or courts
When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.
Pursuant to the above codal article, an exception dismissing a later filed suit may be granted in cases where two or more suits are pending on the same transaction. At the hearing on the rule for possession, the appellee argued that because the civil district court had denied the appellant’s request for injunctive relief, the matter was no longer pending in that court. However the appellant argued that the judgment issued in Civil District Court was only an interlocutory judgment, not a final one. Thus the matter was still pending and he was entitled to have the appel-lee’s action dismissed or consolidated with the case pending in Civil District court.
*531 The appellant argues that the only way to remedy the court’s error in denying his declinatory exception of lis pendens is to dismiss this action in favor of the action which he alleges is still active and pending in the Civil District Court. By taking this action, the appellant argues that this court can pretermit consideration of his remaining assignments of error because those errors would not have occurred had the court sustained his exception of lis pen-dens.
| aHowever, a review of the transcript of the hearing reveals that the appellant made no attempt to seek a review of the denial of his exception of lis pen-dens. Ordinarily a lessor and lessee may not assert the possessory action against each other; rather the rights and obligations as between them are governed by the lease. Trinidad Petroleum Co. v. Pioneer Natural Gas Co., 381 So.2d 808 (La.1980). The proper proceeding to determine the appellant’s right to remain on the appellee’s property was the eviction proceeding which the appellee initiated by serving him with the notice to vacate on February 1, 2001. In connection with this argument, as requested by the appellee, this Court takes judicial notice of a judgment rendered by the Civil District Court in case No. 2001-2267 in August 2001, granting the appellee’s exceptions of no cause of action and no right of action and dismissing the proceeding that was filed in Civil District Court. Accordingly, we find that the trial court did not err when it denied the appellant’s exception of lis pen-dens.
In the second assignment of error the appellant argues that the trial court divested itself of jurisdiction over the case when it signed the initial order granting the suspensive appeal and that the court had no authority to recall its order granting him a suspensive appeal because none of the grounds set forth in La. C.C.P. art. 2088 were met.[1] Appellee counters that because the prerequisites for the granting of a suspensive appeal from a judgment of eviction set forth in La. C.C.P. art. 4735 were not met, the trial court was without authority to grant such appeal, and therefore it was within the court’s authority to recall and set it aside.[2]
ImThe appellant’s writ application seeking a review of the judgment recalling and setting aside the suspensive appeal was denied by this court on March 7, 2001, and the appellant was subsequently evicted from the property on March 15, 2001. Once the appellant has vacated the premises, the issue of whether a suspensive appeal should have been granted is moot. New Orleans Hat Attack, Inc. v. New York Life Ins. Co., 95-0055 (La.App. 4 Cir. 11/30/95), 665 So.2d 1186; Curran Place Apartments v. Howard, 563 So.2d 577 (La.App. 4 Cir.1990); Versailles Arms Apart *532 ments v. Wheeler, 452 So.2d 826 (La.App. 4 Cir.1984). While the issue of whether the court erred in granting the rule for possession is relevant to the issue of damages, the issue of whether the court erred in recalling the suspensive appeal is not. Any ruling on that issue would be purely advisory. Accordingly, this court will not address that issue.
In his final assignment of error the appellant argues that the trial court erred in failing to recognize the existence of an agreement between the parties which required six months notice prior to termination of the lease.
In support of this argument the appellant argues that the totality of the evidence shows that the parties agreed that six months notice would be provided prior to the termination of the lease. He further argues that the appellee’s letter of August 4, 2000 supports a finding that the parties had an oral agreement that six months notice would be provided prior to the termination of the lease.
Appellant did not testify; he called no witnesses to testify; and he offered no evidence that would support this contention. On the contrary, the appellee testi-fiedJjjthat there was no oral lease, but that she agreed to give the appellant as much time to vacate the premises as she could. Further, she testified that she gave the appellant six months to vacate the property. The trial court had an opportunity to view the appellee and clearly found the appellee to be a credible witness. The trial court implicitly concluded that the only lease agreement that existed between the parties was the month to month lease specified in the initial written lease agreement. In its written reasons for judgment the trial court made the following findings of fact:
The tenant’s lease with the landlord expired and the tenant was on a month-to month lease. The landlord gave the tenant six (6) months to vacate on August 4, 2000 and provided yet another notice to vacate on February 1, 2001. The landlord has given the tenant adequate notice to vacate the premises, however, the tenant seems to think he has possessory right to the plaintiffs property and refuses to move.
The Rule for Possession of the Premises is granted.
The appellant’s attempts to argue that the August 4, 2000 letter established that the parties had an oral agreement for the appellant to give him six months notice after May 1, 2001 is not supported by the record. Admittedly, the appellee, in the letter of August 4, 2000 stated that she was giving him six months notice to vacate as agreed upon. Further, her subsequent letters and her testimony at the hearing seems to indicate that she thought she was giving him six months notice although in fact January 30, 2001 would have been a few days short of six months. The trial court obviously recognized that the only enforceable agreement between the parties was the lease agreement, which provided for thirty days notice.
| ^Moreover, the fact that the notice was actually a few days short of six months is of no moment. Based on the appellant’s previous refusals to leave when requested, the appellee apparently anticipated that the appellant would not leave on January 31, 2001. While the notice to vacate was served on the appellant on February 1, 2001, the rule for possession was not actually filed until February 8, 2001, more than six months after the August 4, 2001 letter. Further, as of the hearing that was held on February 15, 2001, the appellant still remained on the premises. As noted by the trial court, the appellee gave the appellant *533 ample notice to vacate the property.[3] Additionally, the appellant’s attempts to have the appellee sign a lease extending his tenancy for ten months and his attempts to force an extension of the lease by writing on the check tendered for the February rent that the lease was extended if she deposited the check are inconsistent with a belief that he already had an oral agreement to remain on the property until October of 2001. This assignment of error has no merit.
The trial court did not err when it granted the rule for possession. For this reason, the judgment of the trial court is affirmed. The appellant is to pay all costs of this appeal.
AFFIRMED.

. La. C.C.P. art. 2088 provides that the jurisdiction of the trial court over all matters reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and, in the case of a suspensive appeal, the timely filing of the appeal bond. Thereafter, the trial court has jurisdiction in the case only over those matters "not reviewable under the appeal.” Id.

. La. C.C.P. art. 4735 provides:
An appeal does not suspend execution of a judgment of eviction unless the defendant has answered the rule under oath, pleading an affirmative defense entitling him to retain possession of the premises, and the appeal has been applied for and the appeal bond filed within twenty-four hours after the rendition of the judgment of eviction. The amount of the suspensive appeal bond shall be determined by the court in an amount sufficient to protect the appellee against all such damage as he may sustain as a result of the appeal.

. Although the appellant also argues that he never received the August 4, 2000 letter, the appellee testified that the letter was mailed to him. Further, her employee indicated to her that the appellant had discussed the January 31, termination date with the appellant. Moreover, the record contains numerous letters sent to the appellant reiterating that the appellee wanted him to vacate the property no later than January 31, 2001.