TERRI F. LOVE, Judge.
This appeal arises from the trial court’s judgment granting Barbara Ferguson, defendant/plaintiff in Reconven-tional Demand, Partial Summary Judgment on Liability and awarding general damages, attorney’s fees and costs. The principal demand filed by William Wesley Alden asserts a possessory right in immovable property owned by Barbara Ferguson and leased to William Wesley Alden. For the following reasons, we affirm the holding of the trial court.
*26 FACTUAL BACKGROUND AND PROCEDURAL HISTORY
In February, 1998, Barbara Ferguson Lorning, d/b/a BLF Enterprises (“Dr.Ferguson”), owner of immovable property located at 7233 General Haig, New Orleans, Louisiana, asserts that she entered into a written lease agreement with William Wesley Alden (“Dr.Alden”), whereby Dr. Alden was permitted to occupy the immovable property for a period of one year. Dr. Alden asserted that although he occupied the 7233 General Haig property (“7233 General Haig premises”), there was no lease confected between himself and Dr. Ferguson. Dr. Alden also asserted that in April, 2000, he and Dr. Ferguson verbally agreed to a lease of one Ryear, with the provision that if either party desired to terminate the lease after the first year, the party would first give six months written notice to the other.[1]
On August 4, 2000, Dr. Ferguson prepared and forwarded correspondence to Dr. Alden requesting that he vacate the premises by January 31, 2001, but to no avail. On February 1, 2001, Dr. Ferguson gave Dr. Alden a five-day notice to vacate and to deliver to her the premises located at 7233 General Haig Street, initiating eviction proceedings against Dr. Alden. On February 8, 2001, Dr. Ferguson filed a rule for possession of the property, which was served on Dr. Alden on February 10, 2001. Dr. Alden asserts that because the alleged April, 2000 oral agreement provided him the right to remain on the premises until October 2001, he, therefore, attempted to judicially enforce the alleged oral modification by filing a Petition for Declaratory Judgment, Possession, Temporary Restraining Order, Injunctive Relief and Damages. Dr. Alden sought a declaratory judgment enforcing the alleged verbal lease; a temporary restraining order prohibiting Dr. Ferguson from disturbing his possession of the property; and a hearing to determine if a preliminary injunction should issue and damages. The trial court denied Mr. Alden’s requests for a temporary restraining order and preliminary injunction.
On February 14, 2001, Dr. Alden also filed an answer to the rule for possession and an exception of lis pendens, based upon his petition for declaratory judgment. The trial court denied Dr. Alden’s exception of lis pendens and granted Dr. Ferguson’s Rule for Possession of the immovable property, ordering Dr. Alden to vacate the premises by February 19, 2001. Dr. Alden appealed these judgments, which this Court affirmed, holding that the trial court did not err in granting the rule for possession. This Court found Dr. Alden’s assignment of error was without merit, acknowledging that the trial court “obviously recognized that the only enforceable agreement between the parties was the lease agreement, which provided for thirty days notice.” Lorning v. Alden, 2001- *27 1126, p. 11 (La.App. 4 Cir. 2/13/02), 809 So.2d 526, 532.
Dr. Ferguson filed an answer in response to Dr. Alden’s petition for declaratory judgment and possession, and a re-conventional demand seeking damages based on an action for abuse of process; negligence and/or intentional infliction of emotional distress; mental anguish; attorney’s fees; and all the costs of these proceedings.
In addition to filing her answer to Dr. Alden’s possessory action, and reconven-tional demand, Dr. Ferguson also filed exceptions of no right of action and no cause of action, which were maintained by the trial court. On appeal, this Court affirmed the trial court’s judgment maintaining Dr. Ferguson’s exception of no cause of action, reversed the trial court’s judgment maintaining Dr. Ferguson’s exception of no right of action; and dismissed, without prejudice, Dr. Alden’s | ¿appeal of the trial court’s judgment granting Dr. Ferguson’s motion for partial summary judgment as tq liability on her reconventional demand.[2]
On December 3, 2003, after a trial on the issue of damages, the trial court rendered a judgment awarding Dr. Ferguson $2,500 in general damages for mental anguish. The parties entered into a joint stipulation as to the amount of attorney’s fees and costs attributable to this action. The trial court awarded Dr. Ferguson $6,650 for attorney’s fees incurred and $378 in costs, plus interest. Dr. Alden filed a motion for new trial, which was denied by the trial court. Dr. Alden appeals the trial court’s judgment granting Dr. Ferguson’s partial summary judgment as to liability and the trial court’s award of damages.
ASSIGNMENTS OF ERROR
Dr. Alden asserts that the trial court erred in granting Dr. Ferguson’s partial summary judgment on liability for abuse of process and emotional distress, mental anguish, punitive damages and attorney’s fees. Dr. Alden also asserts that the trial court erred in awarding damages for abuse of process and general damages for emotional distress following a trial as to damages.
LEGAL ANALYSIS

Standard of Review

Appellate courts review summary judgment decisions de novo. Spellman v. Bizal, 99-0723, p. 4 (La.App. 4 Cir. 3/1/00), 755 So.2d 1013, 1016. The appellate court should affirm a summary judgment decision only when “the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. C.Q.P. art. 966(B). The initial burden of proof remains with the movant to show that no genuine issue of material fact exists. However, pursuant to La. C.C. art. 966(C), once the movant has made a prima facie showing that the motion should be granted, the burden -then shifts to the non-moving party to present evidence sufficient to demonstrate that material factual issues remain. Once the moving party has properly supported the motion for summary judgment, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. See Hardy v. Bowie, 98-2821, p. 5 (La.9/08/99), 744 So.2d 606, 610. Thus, unless our de novo review of the record establishes that Dr. Alden has presented evidence of a material *28 factual dispute, the trial court’s granting of Dr. Ferguson’s partial motion for summary judgment must be affirmed.

Abuse of Process

Dr. Alden avers that the trial court erred in granting partial summary judgment on liability for Dr. Ferguson’s claims for abuse of process. The requisite elements a petitioner must establish in order to maintain an action for abuse of process are: (1) an ulterior motive and (2) irregularity in the process itself. Umerska v. Katz, 477 So.2d 1252, 1256 (La.App. 4th Cir.1985). Ulterior motive is presumed when there is a finding of an irregular use of process. See, Weldon v. Republic Bank, 414 So.2d 1361 (La.App. 2nd Cir.1982). In Lorning II, 02-1668, pp. 4-5, 842 So.2d at 431, citing Lorning I, 01-1126, 809 So.2d 526, this Court opined
a possessory action is not available to a lessee against his lessor .... “[t]he proper proceeding to determine the appellant’s right to remain on the appellee’s property was the eviction proceeding which appellee initiated by | ^serving him with the notice to vacate on February 1, 2001.”
As movant, Dr. Ferguson was required to establish that no genuine issue of material facts exists insofar as Dr. Alden’s liability for abuse of process and she was, therefore, entitled to judgment as a matter of law. “Abuse of process involves the misuse of a process already legally issued whereby a party attempts to obtain a result not proper under the law.” Goldstein v. Serio, 496 So.2d 412, 415 (La.App. 4 Cir.1986) [citations omitted]. The dispositive issue in such an action is the intent to use a legal process for an improper reason. Id.
Dr. Ferguson caused a notice to vacate to be issued to lessee, Dr. Alden, on February 1, 2001. On February 6, 2001, Dr. Alden filed a possessory action, inter alia, which does not assert that Dr. Alden intended to possess the 7233 General Haig premises as owner. Dr. Ferguson’s rule for possession in the eviction proceedings was scheduled in the First City Court for the City of New Orleans, at which time Dr. Alden filed an exception of lis pendens. Prior to the First City Court’s ruling on Dr. Ferguson’s rule for possession, Dr. Alden’s request for injunctive relief was denied. Because the principal action filed by Dr. Alden had no legal basis, such filing gave rise to an irregularity in the process itself. With the establishing of an irregularity in the process itself, ulterior motive, the second requisite element to establish abuse of process, is presumed. Accordingly, upon Dr. Ferguson’s establishing a pri-ma facie showing that her partial motion for summary judgment should be granted, the burden then shifted to Dr. Alden to present evidence sufficient to demonstrate that material factual issues remained.
Although Dr. Alden presents to the court, both in his testimony and in the filing of his possessory action, that he possessed no interest in the 7233 General 17Haig Street premises, as a precarious possessor with intent to possess as owner, subsequent assertions he made to the court in petitions filed, directly controvert that contention. Despite Dr. Alden’s testimony that he had no legal interest in the 7233 General Haig Street premises and possessed no motive to acquire ownership of the premises, conversely, he asserted that he assumed possession of the 7233 General Haig Street premises with the ultimate intention to assume ownership of the immovable property. Dr. Alden also contended that his possession of the 7233 General Haig Street premises was always with the intention to possess as owner. Although Dr. Alden also avers that the possessor proceeding filed was warranted and could not be considered as irregulari *29 ties in the process, he averred that he commenced this action as a direct result of the efforts by Dr. Ferguson to evict him from the 7233 General Haig premises, where he was a lessee.
After de novo review of the record we find that Dr. Alden’s actions of filing the possessory action were performed with an ulterior motive and provided irregularity in the process. We further opine that Dr. Alden’s possessory action attempted to obtain a result not proper under the law. Accordingly, we find that Dr. Ferguson is entitled to judgment as a matter of law, insofar as there are no genuine issues of material fact regarding Dr. Alden’s alleged abuse of process. We therefore affirm the trial court’s granting of the motion for partial summary judgment.

Mental Anguish and Emotional Distress

Dr. Alden further averred that the trial court erred in granting Dr. Ferguson’s damages for claims of abuse of process and mental anguish. In cases where one asserts that the trial court erred in awarding damages, the standard of review of the trial court’s decision in awarding damages alleged in reconventional demand is [swhether the court’s factual findings are manifestly erroneous or clearly wrong. Begnaud v. Camel Contractors, Inc., 98-207, p. 9 (La.App. 3 Cir. 10/28/98), 721 So.2d 550, 556. The trial court awarded Dr. Ferguson two thousand five hundred dollars ($2,500) in general damages. In Louisiana, “[g]eneral damages involve physical and mental pain and suffering, inconvenience, loss of intellectual gratification or physical enjoyment, and other factors which affect the victim’s life.” Mitter v. Touro Infirmary, 03-1608, p. 9 (La.App. 4 Cir. 4/21/04), 874 So.2d 265, citing In re Triss, 01-1921, 01-1922, p. 24 (La.App. 4 Cir. 6/5/02), 820 So.2d at 1218, citing Delphen v. Dep’t of Transp. & Dev., 94-1261, p. 13 (La.App. 4 Cir. 5/24/95), 657 So.2d 328, 336. In Mitter, 03-1608, p. 10, 874 So.2d at 271-72, this Court cited Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993), in which the Supreme Court held:
[T]he discretion vested in the trier of fact is “great,” and even vast, so that an appellate court should rarely disturb an award of general damages. Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award.
In light of this Court’s finding that no genuine issues of material fact exist and Dr. Ferguson is entitled to judgment as a matter of law, we also find that as a result of Dr. Alden’s liability for abuse of process, inter alia, Dr. Ferguson is entitled to general damages, which include mental pain and suffering. See Delphen v. Dep’t of Transp. & Dev., 94-1261, p. 13 (La.App. 4 Cir. 5/24/95), 657 So.2d 328, 337. “There is no question that Louisiana law permits a plaintiff to recover for any physical injury suffered as the result of the negligence of another. In ^addition, in certain circumstances, a plaintiff may recover for fear and mental anguish sustained while a traumatic ordeal is in progress, regardless of whether the plaintiff sustained physical injury.” Rivera v. United Gas Pipeline Co., 96-502, 96-503, 97-161 (La.App. 5 Cir. 6/30/97), 697 So.2d 327, 337. The Louisiana Supreme Court held that “in order for plaintiffs to recover emotion distress damages in the absence of a manifest physical injury, they must prove their claim is not spurious by showing a particular likelihood of genuine and serious mental distress arising from spe- *30 dal circumstances.” Bonnette v. Conoco, 01-2767, pp. 24-25 (La.1/28/03), 837 So.2d 1219, 1235. There is evidence in the record of the mental anguish Dr. Ferguson suffered as a result of Dr. Alden’s Petition for Declaratory Judgment, inter alia. The record supports a finding that as a result of Dr. Alden’s actions, Dr. Ferguson suffered mental anguish sufficient to establish damages. Dr. Ferguson testified that she felt threatened and harassed by Dr. Alden’s repeated phone calls. She felt frightened and unsafe as a result of a phone call from Dr. Alden informing her that he knew of her whereabouts. Dr. Ferguson felt compelled to change the locks on her home for safety reasons. She also developed a skin rash and was forced to see a dermatologist as a result of Dr. Alden’s actions.
After careful review of the record, we cannot say that the trial court was manifestly erroneous in awarding general damages for abuse of process to Dr. Ferguson. The lessee has no cause of action to bring a possessory action and based upon the record, the filing of such an action by Dr. Alden was an attempt to avoid eviction proceedings pending in First City Court. For over four years, Dr. Ferguson has been a party to this pending litigation, which Dr. Alden now asserts is merely an eviction proceeding and is not an attempt to assert any ownership interest in the |! (Immovable property. The record supports a finding that Dr. Alden, as lessee, had no legal basis to file a possessory action against his lessor, Dr. Ferguson. Accordingly, the damages awarded by the trial court in light of such a finding are given vast deference and should not be disturbed as the award in the case sub judice is not beyond that which a reasonable trier of fact could assess for the effects of Dr. Ferguson’s injuries under these particular circumstances. Therefore, for the reasons assigned above, the judgment of the trial court is affirmed.
Although Dr. Alden raised the issue of whether Dr. Ferguson’s claims for emotional distress were proven, pursuant to Rule 2-12.4 of the Uniform Rules— Courts of Appeal, “the court may consider as abandoned any specification of assignment of error which has not been briefed.” Accordingly, because the issue was not briefed, we consider the issue abandoned.

Frivolous Appeal

Appellee, Dr. Ferguson, requests damages and attorney’s fees for frivolous appeal. A finding that an appeal lacks merit does not establish that it is frivolous; however, an appeal is considered frivolous if it raises no serious legal question and is taken solely for the purpose of delay, or it is evident that appellant’s counsel does not seriously believe in the position he advocates. Alombro v. Alfortish, 02-1081, p. 11 (La.App. 5 Cir. 4/29/03), 845 So.2d 1162, 1170.
La. C.C.P. art. 2164 provides
The appellate court shall render any judgment, which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as its judgment may be considered equitable.
In Since La. C.C.P. art. 2164 is penal in nature it must be strictly construed. Alombro v. Alfortish, 02-1081, p. 11, 845 So.2d at 1170. Appeals are always favored and unless the appeal is unquestionably frivolous, damages will not be granted. Tillmon v. Thrasher Waterproofing, 00-0395, p. 8, (La.App. 4 Cir. 3/28/01), 786 So.2d 131, 137. This Court is reluctant to grant frivolous appeal dam *31 ages due to the chilling effect it may have on the appellate process. Id. Although we recognize the distress caused by the continued delay of this matter, based on the record, the parties’ brief and oral arguments, we find that Dr. Alden’s appeal is not unquestionably frivolous and damages are, therefore, not warranted.
AFFIRMED.

. See Lorning v. Alelen, 2001-1126, p. 3 (La. App. 4 Cir. 2/13/02), 809 So.2d 526, 528. (homing I). Dr. Alden asserted that Dr. Lorning never executed the written lease until after the term expired and therefore the lease was never confectéd. In its opinion rendered on February 13, 2002, this Court opined that the written lease was valid and enforceable which was evidenced in the record by:
... a lease signed on February 21, 1998 by the parties. The stated terms of the lease indicated that the lease period commenced on February 23, 1998 and ended on February 23, 1999. The lease agreement contained the following terms for renewal of the lease:
AUTOMATIC RENEWAL — If Lessee or Lessor, desires that this lease terminate at the expiration of its term, he must give to the other written notice at least 30 days prior to that date. Failure of either party to give this required notice will automatically renew this lease on a month to month basis.

. Alden v. Lorning, 2002-1668, 2002-2007 (La.App. 4 Cir. 3/05/03), 842 So.2d 428 (Lorning II).